**Sidney Lartez HOWARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–95–00137–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Aug. 19, 1996.

Decided Aug. 26, 1996.

Rehearing Overruled Oct. 8, 1996.

Bruce Anton, Dallas, for appellant.

Sue Korioth, Kevin P. Yeary, Assistant District Attorneys, Appellate Division, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

Sidney Lartez Howard was convicted in a nonjury trial of cocaine possession and assessed punishment at fifteen years' confinement and a $1,000.00 fine. His sole point of error on appeal is that the trial court erroneously overruled his motion to suppress evidence because it was obtained in an illegal search. We overrule this point and affirm the trial court's judgment.

Police saw Howard at about 9:00 p.m. on May 5, 1994, near a shooting location to which the police had been called. Officer Albert Ruff testified that when he and Officer McKinney arrived at the Prince Hall Apartments, they saw a group of people, including Howard, standing nearby. As McKinney began to approach the crowd, Howard began walking away. Ruff testified that Howard was drinking beer from a can while on a public street, Prince Hall Lane, in violation of a Dallas city ordinance prohibiting the consumption of alcohol on a public street or within eighteen feet of the street or sidewalk. Ruff testified he called to Howard, "You with the alcohol, hey you," but that Howard kept walking. Ruff testified he then said, "You go ahead and put your both (sic) hands up. Raise your hands." Howard was holding the beer in his left hand and had his right hand in his pocket. Ruff testified that he could not tell what Howard had in his pocket, so he drew his weapon. Ruff saw Howard throw some objects to the right. Ruff then stopped Howard, handcuffed him, and went to the spot where Howard had thrown something. Ruff found something he believed to be cocaine. A chemist's stipulated testimony subsequently showed the substance to be cocaine.

Howard filed a motion to suppress, waived a jury trial, and agreed for the court to hear both matters together. The court overruled the motion and found Howard guilty.

Howard asserts that the trial court abused its discretion by failing to suppress the evidence.

In reviewing a motion to suppress, we do not engage in our own factual review,

but we determine whether the record supports the trial judge's fact findings. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). We view the evidence in the light most favorable to the trial court's ruling. *Daniels v. State*, 718 S.W.2d 702, 704 (Tex. Crim.App.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds, Juarez v. State*, 758 S.W.2d 772, 780 n. 3 (Tex.Crim.App.1988). We reverse a trial court's suppression ruling only if the court clearly abused its discretion. *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim. App.1991). We should sustain the trial court's decision if it is correct on any applicable legal theory. *Romero v. State, supra.*

■ Howard contends the evidence should have been suppressed because the State failed to prove that Dallas had a city ordinance prohibiting drinking alcohol on a public street, and thus failed to show that the officer had a right to arrest or detain Howard. The facts in connection with the arrest generally are not in dispute.

The State concedes that the trial court did not take judicial notice of the city ordinance. It contends, however, that for purposes of showing that the officer had probable cause to detain and arrest Howard for drinking alcohol on a public street, it offered sufficient proof that Dallas had an ordinance prohibiting such conduct. We agree.

An officer may arrest a person without a warrant for any offense committed in his presence or within his view. Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977).

■ For the purpose of showing probable cause to make an arrest without a warrant, an officer's testimony that the city had an ordinance prohibiting the conduct for which the defendant was detained or arrested is sufficient. *DeDonato v. State*, 819 S.W.2d 164, 166 (Tex.Crim.App.1991); *Magic v. State*, 878 S.W.2d 309 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Indeed, in *DeDonato v. State, supra,* the court held that the officer's testimony about the relevant provisions of the city ordinance was sufficient even to prove the offense itself, without the need to introduce a copy of the ordinance or for the court to judicially notice it.

■ Proof of probable cause to detain or arrest a person need not be as strong or direct as the proof required to establish the offense. In fact, it is not necessary in proving probable cause to prove that the defendant was actually violating a statute or an ordinance. *Magic v. State, supra.* It is only necessary to prove that the facts and circumstances within the officer's knowledge were sufficient in themselves to warrant a man of reasonable caution to believe that the detainee was committing or had committed an offense. *Amores v. State*, 816 S.W.2d 407 (Tex.Crim.App.1991). Even a later finding that the defendant did not violate the statute or ordinance will not vitiate the probable cause that existed when the arrest was made. Nor will the fact that the officer had a subjective reason other than the one stated for the arrest negate or invalidate proximate cause if it was justified by objective facts. *Crittenden v. State*, 899 S.W.2d 668 (Tex. Crim.App.1995).

At the suppression hearing in this case, the officer testified that it was a violation of a Dallas city ordinance to drink alcohol on a public street and that he saw Howard consuming beer while on a public street. There was no objection to this testimony, either on best evidence grounds or hearsay grounds. The officer thus was authorized to arrest Howard for violating the city ordinance. The ensuing search, incident to a valid arrest, was also justified, and the motion to suppress was properly overruled.

■ The State argues that even if the officer's belief that Howard was violating a city ordinance did not supply probable cause for arrest, it did supply reasonable suspicion for an investigative detention. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906–07 (1968); *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex.Crim.App.1994). An investigative detention is justified when the detaining officer has specific articulable facts that, combined with the officer's personal experience and knowledge, taken together with logical inferences, create a reasonable suspicion that criminal activity is afoot. *Gurrola v. State, supra.* Ruff's expressed belief that Howard was violating a

city ordinance would justify such a brief investigatory stop.

The State also argues that Howard has no standing to contest the admissibility of the cocaine in evidence because he abandoned it by throwing it to the ground before the officer seized him. Because we have found that the officer had probable cause to arrest and search Howard, it is not necessary that we decide this additional question.

For the reasons stated, the judgment of the trial court is affirmed.