Bryan James STE–MARIE, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 14–98–01070–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 9, 2000.

Barry Boorstein, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Justices ROBERTSON, SEARS, and HUTSON–DUNN.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

Appellant, Bryan James Ste–Marie, pleaded guilty to misdemeanor possession of marijuana after the trial court denied his motion to suppress. He was sentenced to two days' confinement and a $300 fine. In his sole point of error, appellant contends that the trial court erred in denying his motion to suppress because there was no reasonable suspicion to detain him. We disagree and affirm his conviction.

## BACKGROUND

Police officer Anita Maulfair was outside her home when she saw appellant drive by her house and heard him curse at her ten-year-old daughter, Carol. While looking for appellant, Maulfair instead found Officer Lekas of the Harris County Constable's Office, and she told him what had happened. They located appellant's car in the neighborhood, and Officer Lekas stopped appellant to question him. Appellant denied shouting profanity at the little girl, but a passenger in his car admitted that appellant had done so. When speaking with the passenger, who was sitting in the backseat behind the driver, Officer Lekas saw traces of a green, leafy substance that he believed to be marijuana between the driver's seat and the door. Officer Lekas called for backup and received consent from appellant to search the car. The search only yielded residue and traces of what appeared to be marijuana.

By this time, the backup officer, Fermit Vasquez, had arrived. Officer Vasquez testified that he could smell a strong odor of freshly burned marijuana from the car. Having smelled this marijuana, he searched appellant and found a plastic baggie containing a green, leafy substance in appellant's pants.

Several passengers in the car testified that appellant had yelled nothing at the little girl and that there was no burning marijuana in the car. Appellant's fifteen-year-old brother testified that they were listening to loud rap music, which contained words such as the "F word" and the "B word."

## REASONABLE SUSPICION OF DISORDERLY CONDUCT

■ Appellant contends that the trial court erroneously denied his motion to suppress because Officer Lekas had no reasonable suspicion justifying his stop of appellant's car. In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of witnesses and the weight to be given their testimony. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The trial court may accept or reject any or all of any witness's testimony. *See Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App.1993); *Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App.1991). The trial court resolves all conflicts in the testimony. *See Hawkins v. State*, 853 S.W.2d 598, 600 (Tex.App.—Amarillo 1993, no pet.).

■ On appeal, we must review the evidence in the light most favorable to the

---

* Senior Justices Sam Robertson, Ross A. Sears, and D. Camille Hutson–Dunn sitting by assignment.

trial court's ruling at the suppression hearing. *See Upton v. State,* 853 S.W.2d 548, 553 (Tex.Crim.App.1993); *State v. Hamlin,* 871 S.W.2d 790, 792 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). We normally address only the question whether the trial court improperly applied the law to the facts. *See Romero,* 800 S.W.2d at 543. We afford almost total deference to the trial court's determination of historical facts, as well as to the trial court's rulings on mixed questions of law and fact when determination of those questions turns on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

"The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances and will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to conclude that the person detained actually is, has been, or soon will be engaged in criminal activity." *Woods v. State,* 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). Additionally, it is unnecessary to prove that a defendant has violated a statute in order to have reasonable suspicion to detain him. *See Howard v. State,* 932 S.W.2d 216, 218 (Tex.App.—Texarkana 1996, pet. ref'd).

Officer Lekas initially stopped appellant for breach of the peace for use of his profanity towards the little girl, witnessed by her mother. According to the girl's mother, appellant said, "Hey, bitch, what are you looking at?" Under the Texas Penal Code, a person commits disorderly conduct if he intentionally or knowingly "uses abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite an immediate breach of the peace." TEX. PEN.CODE ANN. § 42.01 (Vernon Supp. 2000).

Appellant argues that such profanity spoken to an adult by a stranger might be a breach of the peace, but the words do not have the same effect when spoken to a ten-year-old child. Texas courts have defined and interpreted the term "breach of the peace" to mean an act that disturbs or threatens to disturb the tranquility enjoyed by the citizens. *See Ross v. State,* 802 S.W.2d 308, 314–15 (Tex. App.—Dallas 1990, no pet.). Further, fighting words are those that inflict injury or tend to incite an immediate breach of the peace by their very utterance. *See id.* We can find no law, and appellant provides none, that differentiates between fighting words spoken to an adult versus a child. Therefore, we hold the statute applies to minors as much as adults. Further, the words could easily be fighting words to the parent of a ten-year-old girl. The issue before us is one of reasonable suspicion, not whether appellant is guilty of disorderly conduct. Appellant's utterance of the profanity provides sufficient articulable facts on which Officer Lekas could reasonably believe that appellant engaged in disorderly conduct. Accordingly, his detention of appellant was not illegal, and the trial court did not err in overruling appellant's motion to suppress.

We thus overrule appellant's sole point of error and affirm his conviction.