No. 04-00-00585-CR & 04-00-00586-CR



Barbara COLLINS,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 5, Bexar County, Texas


Trial Court Nos. 746217 & 746218


Honorable Phil Chavarria, Jr., Visiting Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: September 26, 2001


AFFIRMED

 Barbara Collins was convicted of and sentenced for evading detention and resisting arrest.
She appeals, contending the evidence is legally and factually insufficient to establish either that the
arresting officer had probable cause to arrest or that she had actual knowledge she was under arrest
or being detained. We disagree and affirm.

Factual and Procedural Background


 After being involved in a car wreck, Barbara Collins arrived at an insurance company's office
expecting to pick up a check. When she was told it was not ready, she became so upset that one of
the office personnel called the police. Responding to the call was Officer Marco Garza. When Garza
arrived, he explained to Collins she could argue her position but she must do so peacefully.
However, Collins continued cursing, calling the office personnel liars and "full of shit." Finally,
Garza "drew the line" and told Collins to step outside the office and stand by his marked police car
because he was going to issue her a citation for disorderly conduct. When Garza went to get his
citation book from his car, Collins began walking towards her car. Several times Garza told Collins
to come back and stand by the car until he finished writing the citation, but she proceeded to get in
her car and start it. Garza then ran over to Collins' car and reached in, put the car in park, and threw
the keys on the ground. He then decided to arrest Collins and call for cover. When Garza grabbed
Collins' arm to remove her from the car, she started scratching his arm. When the second officer
arrived, Collins submitted to handcuffs and was taken to the station.

 In two separate cases, later consolidated for trial, Collins was charged with evading detention
and resisting arrest. The jury found her guilty on both charges. Collins appeals, contending the
evidence is legally and factually insufficient to establish either that the arresting officer had probable
cause to arrest or that she had actual knowledge she was under arrest or being detained.

Probable Cause


 Collins first argues Officer Garza did not have probable cause to arrest her for disorderly
conduct, because her language did not, by its very utterance, tend to incite an immediate breach of
the peace; they were not, in other words, "fighting words." See Tex. Pen. Code Ann. § 42.01(a)(1)
(Vernon Supp. 2000). We disagree.

 Whether particular words are "fighting words" is a question of fact. Duran v. Furr's
Supermarkets, Inc., 921 S.W.2d 778, 785 (Tex. App.-El Paso 1996, writ denied). Here, Collins
admitted she called the office personnel "liars," which has been labeled a "fighting word." See
Sacher v. United States, 343 U.S. 1, 16 (1952) (Black, J., dissenting) ("Liar ordinarily is a fighting
word spoken in anger to express bitter personal hostility against another."). So, too, has profanity
provided a basis for finding probable cause for a temporary detention for disorderly conduct. See
Ste-Marie v. State, 32 S.W.3d 446, 449 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

Actual Knowledge
 

 Collins also argues the evidence is legally and factually insufficient to establish that she had
actual knowledge she was either under arrest or being detained. See Tex. Pen. Code Ann. § 38.04(a)
(Vernon Supp. 2000). We again disagree. The jury obviously credited Officer Garza's testimony that
he told Collins to stand by his car until he had written the citation. 

 The judgments are affirmed.

 Sarah B. Duncan, Justice

Do not publish