COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-261-CR
 
  
STEPHEN 
PAUL SMITH                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Stephen Paul Smith was charged with the offense of driving while intoxicated. 
The trial court denied Appellant’s pretrial motion to suppress evidence seized 
and statements made after Appellant’s warrantless arrest. Pursuant to a plea 
bargain, Appellant pleaded no contest to the charge. The trial court then 
sentenced him to 160 days’ confinement in the Denton County Jail and a $500 
fine, suspended the jail sentence, and placed Appellant on community supervision 
for eighteen months. In three issues, Appellant challenges the denial of his 
motion to suppress. We will affirm.
        At 
the suppression hearing, the only testimony presented was that of Sergeant Brad 
Curtis, a fifteen-year veteran of the Denton Police Department. Sergeant Curtis 
testified that around two a.m. on July 12, 2003, he was standing in a parking 
lot backing up another officer when he saw a group of people leaving the 
Sweetwater Grill. Three of the people got into an SUV, while the fourth person 
stopped, turned towards a building, and appeared to urinate.
        Sergeant 
Curtis explained that because a city ordinance prohibited urinating in public, 
he radioed another officer in the area to make contact with this person, but 
that officer was unable to do so. Sergeant Curtis then saw the person appear to 
zip up his pants and get into the SUV, which then backed out of its parking 
space and pulled away.[2]  After one or two 
minutes, Sergeant Curtis then stopped the SUV and identified the driver as the 
same person he had seen appearing to urinate; he also made an in-court 
identification of Appellant as that person.  Sergeant Curtis testified that 
he then “had [Appellant] exit the vehicle and step to the back” so that he 
could make contact with Appellant regarding urinating in public as well as “to 
observe [Appellant] even further.”
        Sergeant 
Curtis admitted that he observed nothing about Appellant’s operation of the 
SUV that would have given him reasonable suspicion that the driver was operating 
the vehicle while intoxicated. But once Appellant was outside the vehicle, 
Sergeant Curtis observed that Appellant’s eyes were red and that he smelled of 
alcohol.  Sergeant Curtis administered field sobriety tests and then 
arrested Appellant for driving while intoxicated.  He did not issue 
Appellant a citation for urinating in public.
        In 
his first issue, Appellant argues that Sergeant Curtis did not have reasonable 
suspicion to detain him and instead improperly based the detention on a “mere 
hunch.”  The reasonableness of an investigative detention is determined 
by a two-prong test: (1) whether the officer’s action was justified at its 
inception and (2) whether the detention was reasonably related in scope to the 
circumstances that justified the interference in the first place.  Terry 
v. Ohio, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); Davis v. State, 
947 S.W.2d 240, 242 (Tex. Crim. App. 1997).  Under Terry’s first 
prong, a stop is justified when the investigating officer possesses a reasonable 
suspicion based on specific, articulable facts that, in light of the officer’s 
experience and general knowledge, would lead the officer to the reasonable 
conclusion that criminal activity is underway and that a particular person is 
connected to the activity. See Terry, 392 U.S. at 22, 88 S. Ct. at 1880; Garcia 
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  Sergeant Curtis 
articulated specific facts upon which he based his suspicion that Appellant had 
been urinating in public: Appellant “had his hands down in his crotch kind of 
looking around and stood there for approximately 30, 40 seconds in one position 
while everybody else was sitting in the truck.” Sergeant Curtis testified that 
he had seen people urinate in public before, and in his experience, they “tend 
to turn their back and tend to put their hands in their crotch and stare off 
into space.”
        Sergeant 
Curtis admitted that he did not actually see urine coming from Appellant’s 
penis, and he also admitted that there was nothing illegal about what he did 
see—a man standing next to a building for thirty seconds with his hands down, 
looking around.  Nevertheless, the facts and circumstances providing a 
reasonable suspicion of criminal activity need not be criminal in nature 
themselves as long as they include facts that in some way would increase the 
likelihood of the presence or occurrence of criminal activity.  State v. 
Lopez, 148 S.W.3d 586, 589 (Tex. App.—Fort Worth 2004, pet. ref’d) 
(citing Crockett v. State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)).
        Applying 
the appropriate standard of review,[3] we hold that, 
based on the totality of the circumstances, Sergeant Curtis reasonably suspected 
that some activity out of the ordinary had occurred that justified his stop of 
Appellant.  See Davis, 947 S.W.2d at 244; Garza v. State, 771 
S.W.2d 549, 558 (Tex. Crim. App. 1989).  While Appellant’s actions of 
facing a wall with his hands near his crotch as his companions waited for him in 
the SUV were not apparently criminal in themselves, when combined with the 
information available to Sergeant Curtis through his experience, Appellant’s 
conduct was consistent with illegal activity and warranted further 
investigation.  See Lopez, 148 S.W.3d at 590.[4]   
Accordingly, we overrule Appellant’s first issue.
        In 
his second issue, Appellant asserts that the length and extent of the 
investigative detention exceeded its permissible scope.  Under Terry’s 
second prong, an investigative detention must be temporary and last no longer 
than is necessary to effectuate the purpose of the stop.  See Florida v. 
Royer, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983); Davis, 947 
S.W.2d at 243.  After Sergeant Curtis stopped the SUV, he was entitled as a 
part of his investigation into the suspected urinating-in-public offense to ask 
Appellant to step out of the vehicle.  See Bachick v. State, 
30 S.W.3d 549, 551 (Tex. App.—Fort Worth 2000, pet. ref’d) (citing Gearing 
v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) and Graham v. State, 
893 S.W.2d 4, 7 (Tex. App.—Dallas 1994, no pet.)).[5]
        Once 
Appellant exited the vehicle, Sergeant Curtis observed that Appellant’s eyes 
were red and that he smelled of alcohol. An officer is not required to ignore 
evidence or information that legitimately comes to his attention during a valid 
investigative stop merely because such evidence or information is not related to 
the initial purpose of the stop.  See Razo v. State, 577 S.W.2d 709, 
711 (Tex. Crim. App. [Panel Op.] 1979); Mohmed v. State, 977 S.W.2d 624, 
628 (Tex. App.—Fort Worth 1998, pet. ref’d).   Accordingly, these 
additional facts justified Sergeant Curtis’s further investigation into a 
possible DWI offense.  See Razo, 577 S.W.2d at 711; Mohmed, 
977 S.W.2d at 628. We overrule Appellant’s second issue.
        Finally, 
Appellant argues in his third issue that the State failed to prove that Sergeant 
Curtis had reasonable suspicion to make the investigatory stop because the State 
did not produce evidence of the city ordinance prohibiting public 
urination.  However, a trial court may take judicial notice of a municipal 
ordinance on its own motion.  See Tex. R. Evid. 204.  Furthermore, 
the State did have admitted into evidence a certified copy of the Denton city 
ordinance prohibiting urinating in public. Appellant challenges this evidence by 
arguing that the State did not show that the ordinance was effective on the date 
of the stop.  The city secretary’s certificate is dated the same day as 
the hearing on the motion to suppress and states that “the attached is a true 
and correct copy of Ordinance No. 95-007 as approved by the City of Denton City 
Council on January 3, 1995.”  No evidence controverting the ordinance’s 
validity or effectiveness was presented to the trial court.
        Furthermore, 
Sergeant Curtis testified that “there is a city ordinance in reference to 
urinating in public.”  The context of his entire testimony established 
that this was a Denton city ordinance because Sergeant Curtis also testified 
that he was on patrol in the area of Denton city square when he saw Appellant 
walking towards the square and apparently stop to urinate.  An officer’s 
testimony that a person violated a municipal ordinance is competent evidence to 
be considered in determining the legality of a stop.  See Lalande v. 
State, 676 S.W.2d 115, 118 (Tex. Crim. App. 1984).  The State need not 
prove that a defendant has actually violated a statute to show that the police 
had reasonable suspicion to detain him, see Ste-Marie v. State, 32 S.W.3d 
446, 449 (Tex. App.—Houston [14th Dist.] 2000, no pet.); instead, an 
officer’s expressed belief that a person was violating a city ordinance is 
sufficient to justify an investigatory stop, see Howard v. State, 932 
S.W.2d 216, 218-19 (Tex. App.—Texarkana 1996, pet. ref’d).  Sergeant 
Curtis testified that he saw Appellant appearing to violate a city ordinance by 
urinating in public and that he stopped the vehicle to make contact with him 
regarding urinating in public.  This testimony sufficiently established a 
basis for Sergeant Curtis’s reasonable suspicion.  Accordingly, we 
overrule Appellant’s third issue.[6]
        Having 
overruled all three of Appellant’s issues, we affirm the trial court’s 
judgment.
 
 
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   MCCOY, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 16, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant asserts that Sergeant Curtis testified that he did not see this person 
enter the SUV. More accurately, Sergeant Curtis testified that he did not see 
where Appellant entered the vehicle in which his three companions were already 
sitting: “And at that point [Appellant] went around to the other side of the 
Excursion, and I didn’t see where he got in at but the Excursion lights came 
on, backed out and pulled away.” When asked, “And so was the vehicle -- you 
didn’t see this person enter -- where he entered the vehicle; is that 
correct?” Sergeant Curtis answered, “No, sir, I did not.”
3.  
See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman 
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
4.  
Cf. McConnell v. State, No. 14-99-887-CR, 2001 WL 8344 (Tex. 
App.—Houston [14th Dist.] Jan. 4, 2001, pet. ref’d) (not designated for 
publication). In McConnell, the court held that a police officer who 
observed the appellant “walk to the side of the apartment building, reach for 
his pants zipper, and stand in a position that reasonably led [the officer] to 
conclude that appellant had urinated alongside the outside of the building, a 
public place” had probable cause to arrest appellant for violation of a city 
ordinance. Id. at *2.
5. 
Appellant contends that Sergeant Curtis’s testimony establishes that he was 
asked to exit the vehicle not for the purpose of investigating the urination 
offense but for the purpose of “observing him further.” But Sergeant Curtis 
also testified that he asked Appellant to exit the vehicle to make contact with 
him regarding urinating in public as well as to talk about the urination 
“outside the presence of the buddies and other individuals” in the SUV. In a 
hearing on a motion to suppress, the trial court is the sole trier of fact and 
judge of the credibility of the witnesses and the weight to be given their 
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).
6. 
Appellant also argues that there was no testimony from any witness that the 
ordinance offered by the State was the ordinance upon which Sergeant Curtis 
relied and about which he testified. Because these complaints do not comport 
with Appellant’s objection in the trial court, we will not address them. See 
Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. 
State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 
U.S. 827 (1997).