SMITH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-261-CR

STEPHEN PAUL SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stephen Paul Smith was charged with the offense of driving while intoxicated.  The trial court denied Appellant’s pretrial motion to suppress evidence seized and statements made after Appellant’s warrantless arrest.  Pursuant to a plea bargain, Appellant pleaded no contest to the charge.  The trial court then sentenced him to 160 days’ confinement in the Denton County Jail and a $500 fine, suspended the jail sentence, and placed Appellant on community supervision for eighteen months.  In three issues, Appellant challenges the denial of his motion to suppress.  We will affirm.

At the suppression hearing, the only testimony presented was that of Sergeant Brad Curtis, a fifteen-year veteran of the Denton Police Department.  Sergeant Curtis testified that around two a.m. on July 12, 2003, he was standing in a parking lot backing up another officer when he saw a group of people leaving the Sweetwater Grill.  Three of the people got into an SUV, while the fourth person stopped, turned towards a building, and appeared to urinate.

Sergeant Curtis explained that because a city ordinance prohibited urinating in public, he radioed another officer in the area to make contact with this person, but that officer was unable to do so.  Sergeant Curtis then saw the person appear to zip up his pants and get into the SUV, which then backed out of its parking space and pulled away.
(footnote: 2)  After one or two minutes, Sergeant Curtis then stopped the SUV and identified the driver as the same person he had seen appearing to urinate; he also made an in-court identification of Appellant as that person.  Sergeant Curtis testified that he then “had [Appellant] exit the vehicle and step to the back” so that he could make contact with Appellant regarding urinating in public as well as “to observe [Appellant] even further.” 

Sergeant Curtis admitted that he observed nothing about Appellant’s operation of the SUV that would have given him reasonable suspicion that the driver was operating the vehicle while intoxicated.  But once Appellant was outside the vehicle, Sergeant Curtis observed that Appellant’s eyes were red and that he smelled of alcohol.  Sergeant Curtis administered field sobriety tests and then arrested Appellant for driving while intoxicated.  He did not issue Appellant a citation for urinating in public.

In his first issue, Appellant argues that Sergeant Curtis did not have reasonable suspicion to detain him and instead improperly based the detention on a “mere hunch.”  The reasonableness of an investigative detention is determined by a two-prong test: (1) whether the officer’s action was justified at its inception and (2) whether the detention was reasonably related in scope to the circumstances that justified the interference in the first place.  
Terry v. Ohio
, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879 (1968); 
Davis v. State
, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).  Under 
Terry
’s first prong, a stop is justified when the investigating officer possesses a reasonable suspicion based on specific, articulable facts that, in light of the officer’s experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and that a particular person is connected to the activity.  
See Terry
, 392 U.S. at 22, 88 S. Ct. at 1880; 
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  Sergeant Curtis articulated specific facts upon which he based his suspicion that Appellant had been urinating in public: Appellant “had his hands down in his crotch kind of looking around and stood there for approximately 30, 40 seconds in one position while everybody else was sitting in the truck.”  Sergeant Curtis testified that he had seen people urinate in public before, and in his experience, they “tend to turn their back and tend to put their hands in their crotch and stare off into space.”

Sergeant Curtis admitted that he did not actually see urine coming from Appellant’s penis, and he also admitted that there was nothing illegal about what he did see—a man standing next to a building for thirty seconds with his hands down, looking around.  Nevertheless, the facts and circumstances providing a reasonable suspicion of criminal activity need not be criminal in nature themselves as long as they include facts that in some way would increase the likelihood of the presence or occurrence of criminal activity.  
State v. Lopez
, 148 S.W.3d 586, 589 (Tex. App.—Fort Worth 2004, pet. ref’d) (citing 
Crockett v. State
, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)).  

Applying the appropriate standard of review,
(footnote: 3) we hold that, based on the totality of the circumstances, Sergeant Curtis reasonably suspected that some activity out of the ordinary had occurred that justified his stop of Appellant.  
See Davis
, 947 S.W.2d at 244; 
Garza v. State
, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  While Appellant’s actions of facing a wall with his hands near his crotch as his companions waited for him in the SUV were not apparently criminal in themselves, when combined with the information available to Sergeant Curtis through his experience, Appellant’s conduct was consistent with illegal activity and warranted further investigation.  
See Lopez
, 148 S.W.3d at 590
.
(footnote: 4)  Accordingly, we overrule Appellant’s first issue.

In his second issue, Appellant asserts that the length and extent of the investigative detention exceeded its permissible scope.
  Under 
Terry
’s second prong, an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop.  
See Florida v. Royer
, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325 (1983); 
Davis
, 947 S.W.2d at 243.  After Sergeant Curtis stopped the SUV, he was entitled as a part of his investigation into the suspected urinating-in-public offense to ask Appellant to step out of the vehicle.  
See
 
Bachick v. State
, 30 S.W.3d 549, 551 (Tex. App.—Fort Worth 2000, pet. ref’d) (citing 
Gearing v. State
, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) and 
Graham v. State
, 893 S.W.2d 4, 7 (Tex. App.—Dallas 1994, no pet.)).
(footnote: 5)  

Once Appellant exited the vehicle, Sergeant Curtis observed that Appellant’s eyes were red and that he smelled of alcohol.  An officer is not required to ignore evidence or information that legitimately comes to his attention during a valid investigative stop merely because such evidence or information is not related to the initial purpose of the stop.  
See Razo v. State
, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979); 
Mohmed v. State
, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref’d).  Accordingly, these additional facts justified Sergeant Curtis’s further investigation into a possible DWI offense.  
See Razo
, 577 S.W.2d at 711; 
Mohmed
, 977 S.W.2d at 628.  We overrule Appellant’s second issue.

Finally, Appellant argues in his third issue that the State failed to prove that Sergeant Curtis had reasonable suspicion to make the investigatory stop because the State did not produce evidence of the city ordinance prohibiting public urination.  However, a trial court may take judicial notice of a municipal ordinance on its own motion.  
See
 
Tex. R. Evid.
 204.  Furthermore, the State did have admitted into evidence a certified copy of the Denton city ordinance prohibiting urinating in public.  Appellant challenges this evidence by arguing that the State did not show that the ordinance was effective on the date of the stop.  The city secretary’s certificate is dated the same day as the hearing on the motion to suppress and states that “the attached is a true and correct copy of Ordinance No. 95-007 as approved by the City of Denton City Council on January 3, 1995.”  No evidence controverting the ordinance’s validity or effectiveness was presented to the trial court.

Furthermore, Sergeant Curtis testified that “there is a city ordinance in reference to urinating in public.”  The context of his entire testimony established that this was a Denton city ordinance because Sergeant Curtis also testified that he was on patrol in the area of Denton city square when he saw Appellant walking towards the square and apparently stop to urinate.  An officer’s testimony that a person violated a municipal ordinance is competent evidence to be considered in determining the legality of a stop.  
See Lalande v. State
, 676 S.W.2d 115, 118 (Tex. Crim. App. 1984).  The State need not prove that a defendant has actually violated a statute to show that the police had reasonable suspicion to detain him, 
see Ste-Marie v. State
, 32 S.W.3d 446, 449 (Tex. App.—Houston [14th Dist.] 2000, no pet.); instead, an officer’s expressed belief that a person was violating a city ordinance is sufficient to justify an investigatory stop, 
see Howard v. State
, 932 S.W.2d 216, 218-19 (Tex. App.—Texarkana 1996, pet. ref’d).  Sergeant Curtis testified that he saw Appellant appearing to violate a city ordinance by urinating in public and that he stopped the vehicle to make contact with him regarding urinating in public.  This testimony sufficiently established a basis for Sergeant Curtis’s reasonable suspicion.  Accordingly, we overrule Appellant’s third issue.
(footnote: 6)
 Having overruled all three of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM 

PANEL F: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 16, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellant asserts that Sergeant Curtis testified that he did not see this person enter the SUV.  More accurately, Sergeant Curtis testified that he did not see where Appellant entered the vehicle in which his three companions were already sitting: “And at that point [Appellant] went around to the other side of the Excursion, and I didn’t see where he got in at but the Excursion lights came on, backed out and pulled away.”  When asked, “And so was the vehicle -- you didn’t see this person enter -- where he entered the vehicle; is that correct?” Sergeant Curtis answered, “No, sir, I did not.”

3:
See Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)
; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)
.

4:
Cf. McConnell v. State
, No. 14-99-887-CR, 2001 WL 8344 (Tex. App.—Houston [14th Dist.] Jan. 4, 2001, pet. ref’d) (not designated for publication).  In 
McConnell, 
the court held that a police officer who observed the appellant “walk to the side of the apartment building, reach for his pants zipper, and stand in a position that reasonably led [the officer] to conclude that appellant had urinated alongside the outside of the building, a public place” had probable cause to arrest appellant for violation of a city ordinance.  
Id.
 at *2.

5:
Appellant contends that Sergeant Curtis’s testimony establishes that he was asked to exit the vehicle not for the purpose of investigating the urination offense but for the purpose of “observing him further.”  But Sergeant Curtis also testified that he asked Appellant to exit the vehicle to make contact with him regarding urinating in public as well as to talk about the urination “outside the presence of the buddies and other individuals” in the SUV.  In a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

6:
Appellant also argues that there was no testimony from any witness that the ordinance offered by the State was the ordinance upon which Sergeant Curtis relied and about which he testified.  Because these complaints do not comport with Appellant’s objection in the trial court, we will not address them.  
See
 Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).