In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-150 CR


____________________



WALTER WAYNE BLAYDES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 04-197988






MEMORANDUM OPINION


 Pursuant to a plea bargain, Walter Wayne Blaydes pled guilty to a misdemeanor
offense of driving while intoxicated. See Tex. Pen. Code Ann. §§ 49.01(2)(A), 49.04(a)
(Vernon 2003). The trial court sentenced Blaydes to 180 days confinement in county jail,
suspended the imposition of the sentence, and placed him on community supervision for one
year. He appeals from a pretrial ruling denying his motion to suppress. 

 Blaydes contends the evidence obtained as a result of a traffic stop should have been
suppressed because the stop violated his constitutional rights under both the United States
and Texas Constitutions and his rights under article 38.23 of the Texas Code of Criminal
Procedure. He argues the facts did not support a reasonable belief he committed a traffic
violation or was driving while intoxicated; Blaydes maintains the stop, detention, and
warrantless arrest were illegal. 

 In reviewing a trial court's ruling on a motion to suppress, we give great deference to
the trial judge's determination of historical facts and review the trial court's application of
the law to the facts de novo. Torres v. State, No. PD-1322-04, 2005 WL 3310462, at *2
(Tex. Crim. App. Dec. 7, 2005) (citing Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim.
App. 2002)). When, as here, the trial court does not file any findings of fact, the reviewing
court considers the evidence in the light most favorable to the trial court's ruling. Torres,
2005 WL 3310462, at *2. The appellate court assumes the trial court made implicit findings
of fact that support its ruling, so long as the record supports the findings. Id. As the sole
trier of fact at the suppression hearing, the trial judge evaluates the witness's testimony and
credibility. Id. 

 When an officer has reasonable suspicion to believe that a person is violating the law,
including a traffic law violation, he may temporarily detain the person. Ford v. State, 158
S.W.3d 488, 492 (Tex. Crim. App. 2005); see Aviles v. State, 23 S.W.3d 74, 76 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (A detention is justified when person commits traffic
law violation in officer's presence.). Reasonable suspicion is present if the officer has
specific, articulable facts that, when combined with rational inferences from those facts,
would lead him to reasonably conclude that a person actually is, has been, or soon will be
engaged in criminal activity. Ford, 158 S.W.3d at 492 (citing Garcia v. State, 43 S.W.3d
527, 530 (Tex. Crim App. 2001)). However, "even absent evidence of violation of a specific
traffic law[,]" a person's "[e]rratic or unsafe driving may furnish a sufficient basis for a
reasonable suspicion that the driver is intoxicated[.]" James v. State, 102 S.W.3d 162, 171-72 (Tex. App.--Fort Worth 2003, pet. ref'd); see also Richardson v. State, 39 S.W.3d 634,
638, 640 (Tex. App.--Amarillo 2000, no pet.); State v. Tarvin, 972 S.W.2d 910, 912 (Tex.
App.--Waco 1998, pet. ref'd). A determination of the reasonableness of the suspicion is
based on the totality of the circumstances. Ford, 158 S.W.3d at 492-93. 

 Officer Michael Bellard, Jr. testified he observed a pickup "weaving in its lane"
shortly after midnight and saw the vehicle cross over the center divide line into another lane
traveling in the same direction. Then he observed the vehicle cross back into its previous
lane, move to the far edge of that lane, and ride the fog line. He testified the vehicle was
going "way below" the posted speed limit at least part of the time. Bellard indicated he
activated his video equipment at this point and continued following the driver (Blaydes). 
Bellard testified he observed the vehicle make a wide right turn at an intersection and cross
over into the oncoming lane of traffic. The officer indicated the driver was also riding his
brakes and weaved additional times within the lane. Bellard indicated these factors caused
him to suspect the driver was intoxicated. 

 Blaydes asserts the officer gave three different versions of the events -- one on the
videotape itself, one in the officer's written report, and one in his testimony at the
suppression hearing. In the video, the officer told Blaydes he was stopped for weaving
("moving from side to side") within the lane and making a sharp right turn. In the written
report, the officer added the acts of crossing one time over the center divide line between
lanes and making a wide right turn. At the suppression hearing, the officer testified to the
additional facts he observed. Officer Bellard explained at the hearing he had independent
recollection of the stop, and he said that '[a]fter watching [the video he] remember[ed]
certain events." In explaining the discrepancy between the descriptions of the turn, Bellard
testified he was distracted during the stop and said sharp turn rather than wide turn.

 An appellate court must give almost total deference to the trial judge's evaluation of
the witness's demeanor and credibility. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000). The trial court resolves all conflicts in the testimony and may accept or reject
any or all of a witness's testimony. Ste-Marie v. State, 32 S.W.3d 446, 448 (Tex. App.--Houston [14th Dist.] 2000, no pet.). In denying the motion to suppress, the trial judge
implicitly accepted Officer Bellard's testimony. See State v. Cerny, 28 S.W.3d 796, 799
(Tex. App.--Corpus Christi 2000, no pet.) (Officer's testimony at hearing contradicted his
report; appeals court deferred to trial court on witness's credibility.). The trial judge also
viewed the videotape; unlike the video in Carmouche v. State, the tape here does not present
indisputable visual evidence contradicting essential portions of the officer's testimony. See
Carmouche v. State, 10 S.W.3d 323, 331-32 (Tex. Crim. App. 2000).

 Blaydes relies on several cases where the reviewing courts found driving conduct
insufficient to justify traffic stops: Cerny, 28 S.W.3d at 798-801; Hernandez v. State, 983
S.W.2d 867, 870-871 (Tex. App.--Austin 1998, pet. ref'd); Tarvin, 972 S.W.2d at 910- 12. 
In each of these cases, the stop was based only on observation of an alleged traffic offense,
and there was no testimony the officer suspected the driver was intoxicated. See James, 102
S.W.3d at 171-72. Here, we need not determine which traffic regulation may or may not
have been violated. The officer testified he suspected the driver was intoxicated based on
his observation of the driving conduct. "Erratic or unsafe driving may furnish a sufficient
basis for a reasonable suspicion that the driver is intoxicated even absent evidence of
violation of a specific traffic law." Id. at 172. 

 Officer Bellard testified his suspicion the driver was intoxicated was based on the 
following driving conduct: weaving within the lane, driving "way" below the posted speed
limit at least part of the time, crossing over the line between the lanes, riding the fog line, and
making a wide right turn. These circumstances considered together were sufficient to
establish a reasonable suspicion Blaydes was driving while intoxicated. See Davy v. State,
67 S.W.3d 382, 393 (Tex. App.--Waco 2001, no pet.) (Although none of the facts standing
alone -- driving in circles in a parking lot and driving on the road at one-half posted speed
limit close to right side of road -- sufficed to establish reasonable suspicion, taken
collectively, the facts were sufficient to justify the stop.). The trial court did not err in
denying appellant's motion to suppress. The judgment of conviction is affirmed.

 AFFIRMED. 

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on December 6, 2005

Opinion Delivered February 15, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney, and Kreger, JJ.