COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-294-CR

 

 

RONALD SCOTT SBRIGLIA                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








Appellant
Ronald Scott Sbriglia pleaded guilty to driving while intoxicated.[2]  Pursuant to a plea bargain, the trial court
sentenced Appellant to sixty days=
confinement.  In his sole issue,
Appellant contends the trial court erred by denying his motion to suppress
because there was no reasonable suspicion or probable cause to stop Appellant=s
vehicle.  We affirm.

II. 
Procedural Background

Appellant
was arrested on June 22, 2008, for driving while intoxicated. He filed a motion
to suppress, and the trial court conducted a suppression hearing on November 5,
2008.  The parties stipulated on the
record that the issue for the trial court at the suppression hearing was
whether the arresting officer had reasonable suspicion or probable cause to
justify the initial stop of Appellant=s
vehicle.  The trial court denied
Appellant=s
motion to suppress at the conclusion of the hearing and subsequently signed
findings of fact and conclusions of law in which the trial court concluded that
Athe
Weatherford police had reasonable suspension [sic] to initiate a stop of the
vehicle driven by [Appellant] on June 22, 2008.@  Appellant pleaded guilty, and the trial court
sentenced him to sixty days=
confinement with a $600 fine. 

III. 
Factual Background








Lennon
Valentine, a bartender at Logan=s
Roadhouse in Weatherford, Texas, testified at the suppression hearing that
Appellant was a patron in the bar area at Logan=s on
June 22, 2008.  Valentine said Appellant
was sitting at the bar when Appellant=s
brother-in-law walked in, saw Appellant at the bar, and told Appellant that he
should be at home with his family. 
Appellant and his brother-in-law became upset and loud; they yelled at
one another from ten to twelve feet apart with other patrons between them at
the bar.  Valentine testified the
disturbance was significant enough to disrupt restaurant business. Valentine
calmed the men down to an extent but closed the restaurant bar early because of
the disturbance.  Valentine said the men
then left the bar and walked to the parking lot where they continued their
argument.  Valentine, believing Appellant
to be Atoo
intoxicated to drive,@ called the Weatherford
Police Department to report the Aintoxicated
guest.@  Valentine went to the parking lot and offered
to call a taxi for Appellant, and Appellant=s
brother-in-law offered to drive Appellant home. 
Appellant refused both offers.  He
then got into a van and drove out of the parking lot. 








Just
as Appellant left the parking lot, Sergeant Bobby Laine, a Weatherford police
officer, pulled into the parking lot in response to a dispatch of Aa
disturbance, possible intoxicated person@ and
saw three as-of-yet unidentified people walking toward him.  One of the three people, wearing a Logan=s
employee shirt and later identified to Sergeant Laine as Valentine, pointed in
the direction of Appellant=s
van and, according to Sergeant Laine, told the officer that Ait
was one of the subjects involved in the disturbance.@[3]  Sergeant Laine turned his patrol car around
in the parking lot, followed Appellant, and initiated a traffic stop to
identify whether Appellant was the person involved in the disturbance.  Sergeant Laine testified that as he followed
Appellant with his emergency lights on, Appellant did not immediately stop,
drove at a very slow rate of speed, and made a right-hand turn from Adams onto
Texas Drive.  As Appellant turned onto
Texas Drive, Sergeant Laine had his spotlight on, and Appellant stopped at a
dead-end barricade on Texas Drive. 
Sergeant Laine also testified that he did not have a warrant, that he
did not observe Appellant commit any traffic violations, and that he did not
see Appellant operate the van in a dangerous manner before he initiated the
stop of Appellant=s van.

IV. 
Analysis

Appellant
contends in his sole issue that the trial court erred by denying his motion to
suppress because there was no reasonable suspicion or probable cause for
Sergeant Laine to stop his vehicle.

A.  Standard of Review

We
review a trial court=s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  We give almost total
deference to a trial court=s
rulings on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor, but we review
de novo application-of-law-to-fact questions that do not turn on credibility
and demeanor.  Amador, 221 S.W.3d
at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson
v. State, 68 S.W.3d 644, 652B53
(Tex. Crim. App. 2002).








Stated
another way, when reviewing the trial court=s
ruling on a motion to suppress, we must view the evidence in the light most
favorable to the trial court=s
ruling.  Wiede v. State, 214
S.W.3d 17, 24 (Tex. Crim. App. 2007); State v. Kelly, 204 S.W.3d 808,
818 (Tex. Crim. App. 2006).  When the
trial court makes explicit fact findings, we determine whether the evidence,
when viewed in the light most favorable to the trial court=s
ruling, supports those fact findings.  Kelly,
204 S.W.3d at 818B19.  We then review the trial court=s
legal ruling de novo unless its explicit fact findings that are supported by
the record are also dispositive of the legal ruling.  Id. at 818.  We must uphold the trial court=s
ruling if it is supported by the record and correct under any theory of law
applicable to the case even if the trial court gave the wrong reason for its
ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

B.  Applicable Law








The
Fourth Amendment protects against unreasonable searches and seizures by
government officials.  U.S. Const. amend.
IV; Wiede, 214 S.W.3d at 24.  To
suppress evidence because of an alleged Fourth Amendment violation, the
defendant bears the initial burden of producing evidence that rebuts the presumption
of proper police conduct.  Amador,
221 S.W.3d at 672; see Young v. State, 283 S.W.3d 854, 872 (Tex. Crim.
App. 2009).  A defendant satisfies this
burden by establishing that a search or seizure occurred without a
warrant.  Amador, 221 S.W.3d at 672.  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that
the search or seizure was conducted pursuant to a warrant or was reasonable.  Id. at 672B73; Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

A
detention, as opposed to an arrest, may be justified on less than probable
cause if a person is reasonably suspected of criminal activity based on
specific, articulable facts.  Terry v.
Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); Carmouche v. State,
10 S.W.3d 323, 328 (Tex. Crim. App. 2000). 
An officer conducts a lawful temporary detention when he or she has
reasonable suspicion to believe that an individual is violating the law.  Ford, 158 S.W.3d at 492.  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.  Id.
at 492.  This is an objective standard
that disregards any subjective intent of the officer making the stop and looks
solely to whether an objective basis for the stop exists.  Id.

C.  Discussion

1.  Reasonable Suspicion








An
officer may rely on information received from a citizen, rather than his direct
observation, so long as the citizen=s
statement is reasonably corroborated by other matters within the officer=s
knowledge.  Brother v. State, 166
S.W.3d 255, 258B59 (Tex. Crim. App. 2005), cert.
denied, 546 U.S. 1150 (2006); State v. Sailo, 910 S.W.2d 184, 188B89
(Tex. App.CFort
Worth 1995, pet. ref=d) (citing Illinois v.
Gates, 462 U.S. 213, 242, 103 S. Ct. 2317, 2334 (1983)).  Corroboration means that the officer confirms
enough facts to conclude reasonably, in light of the circumstances, that the
information provided is reliable and a detention is justified.  Brother, 166 S.W.3d at 259 n.5; Sailo,
910 S.W.2d at 189.  Where the reliability
of information is increased, less corroboration is necessary.  Pipkin v. State, 114 S.W.3d 649, 654
(Tex. App.CFort
Worth 2003, no pet.); State v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort
Worth 1999, no pet.).  A citizen=s
tip deserves great weight when there is a detailed description of the
wrongdoing along with a statement that the event was witnessed firsthand, when
a citizen puts himself in a position to be held accountable for his
intervention, or when the citizen is not connected with the police or a paid
informant.  Pipkin, 114 S.W.3d at
655; Stolte, 991 S.W.2d at 341.








In Glover
v. State, we held that an officer had reasonable suspicion to validate an
investigative Terry stop based on a tip from an identifiable EMS
technician.  870 S.W.2d 198, 200 (Tex.
App.CFort
Worth 1994, pet. ref=d).  There, the officer learned from a police
broadcast that a medical technician in an ambulance had reported a DWI suspect
driving a Corvette, license number FSP‑89X, traveling in the officer=s
direction.  Id. at 199.  The officer spotted a white Corvette being
followed by an ambulance, gave chase, and pulled over the driver of the
Corvette.  Id.  The ambulance continued on.  Id. 
At the suppression hearing, the officer testified that he did not see
the appellant driving erratically and stopped him only on the basis of the
police broadcast.  Id.  On appeal, we held that the officer had
reasonable suspicion for the stop, noting that because the officer could be
confident of learning the identity of the medical technician and because the
medical technician could reasonably anticipate that his identity would be
available to the police, this tip had sufficient indicia of reliability.  Id. at 200.  As a result, under the totality of the
circumstances, the information the officer received from the broadcast was
reliable and established reasonable suspicion to detain the appellant.  Id.; see also Ste-Marie v. State,
32 S.W.3d 446, 449 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (holding officer had reasonable suspicion to detain
the appellant to investigate breach of the peace when witness informed officer
the appellant had yelled a profanity at her ten-year-old daughter); Lesco v.
State, No. 01-98-01168-CR, 1999 WL 343425, at *1 (Tex. App.CHouston
[1st Dist.] May 27, 1999, no pet.) (not designated for publication) (holding
officers had reasonable suspicion to detain the appellant when coffee shop patron
reported two white males fighting with customers inside coffee shop and
officers saw two white males leaving coffee shop parking lot as the officers
arrived).








Here,
Sergeant Laine initiated an investigative detention of Appellant after he
received a dispatch of a disturbance involving a possibly intoxicated person.
He arrived at the Logan=s restaurant where an
identifiable but not-yet-identified witness wearing a Logan=s
employee shirt pointed to Appellant=s
van and indicated it was being driven by a person involved in the disturbance.[4]  Sergeant Laine testified that he stopped
Appellant Ato
identify the person to see if [he was] involved@ in
the disturbance. 








A
person commits the crime of disorderly conduct if he Amakes
unreasonable noise in a public place@ or Afights
with another in a public place.@  Tex. Penal Code Ann. '
42.01(a)(5), (6) (Vernon 2003).  The
information available to Sergeant Laine at the time he stopped Appellant=s
van established reasonable suspicion to stop Appellant to investigate the
possible disorderly conduct offense.  See
Glover, 870 S.W.2d at 200; Tex. Penal Code Ann. ' 42.01(a)(5),
(6); see also Ste-Marie, 32 S.W.3d at 449 (finding reasonable suspicion
to detain to investigate breach of the peace); Lesco, 1999 WL 343425, at
*1 (finding reasonable suspicion to detain to investigate coffee shop
altercation).  The tip from Valentine
deserves greater weight because Valentine put himself in a position to be
easily identified and held accountable for his intervention.  See Mitchell v. State, 187 S.W.3d 113,
117 (Tex. App.CWaco
2006, pet. ref=d); Pipkin,
114 S.W.3d at 655; State v. Garcia, 25 S.W.3d 908, 913 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  Sergeant
Laine could have been confident of subsequently learning Valentine=s
identity because Valentine was a Logan=s
employee.  Further, Sergeant Laine did
learn Valentine=s identity when he returned
to the restaurant and interviewed him. 
Thus, the information from Valentine was sufficiently reliable to
support the trial court=s reasonable suspicion
finding.  See Glover, 870 S.W.2d
at 200.

AThe
issue before us is one of reasonable suspicion, not whether [A]ppellant is
guilty of disorderly conduct.@  Ste-Marie, 32 S.W.3d at 449.  Viewing the evidence in the light most
favorable to the trial court=s
ruling, we hold that, under the totality of the circumstances, the information
known to Sergeant Laine at the time he stopped Appellant provided sufficient,
articulable facts on which he could have reasonably believed Appellant had
engaged in disorderly conduct.  See
id.; Glover, 870 S.W.2d at 200. 
We hold that Sergeant Laine=s
investigative detention of Appellant was not illegal and that the trial court
did not err by overruling Appellant=s
motion to suppress.  We overrule this
portion of Appellant=s sole issue.

2.  Probable Cause








Although
the substance of Appellant=s
brief challenges only reasonable suspicion, Appellant=s
statement of his AIssue Presented@
arguably includes a challenge to both reasonable suspicion and probable
cause.  To the extent Appellant contends
there was no probable cause to justify his detention, we overrule that portion
of his sole issue.  Probable cause was
not required in this case because reasonable suspicion alone justified the
investigative detention.  See Terry,
392 U.S. at 22, 88 S. Ct. at 1880; Carmouche, 10 S.W.3d at 328.  Because we hold that Officer Laine had
reasonable suspicion to stop Appellant=s
vehicle, we need not address whether he also had probable cause.  See Tex. R. App. P. 47.1 (requiring
appellate court to address Aevery
issue raised and necessary to final disposition of the appeal@).  We therefore overrule the remainder of
Appellant=s
sole issue.

V.  Conclusion

Having
overruled Appellant=s sole issue, we affirm the
trial court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 20, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Tex. Penal Code Ann.
' 49.09 (Vernon
Supp. 2009).





[3]Valentine testified
that he did not tell the officer that the van contained the person involved in
the disturbance.  Valentine testified
that he told Sergeant Laine Athat was the guy we
called about@ and that it Awas the person that
we asked [if] we could call a cab for and he refused it.@





[4]To the extent there
is a conflict between the testimony by Sergeant Laine and Valentine concerning
the information given to Sergeant Laine by Valentine, we defer to the trial
court=s resolution of that
conflict because the trial judge is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).