**William C. GLOVER, Jr., Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–93–112–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 2, 1994.

Mark G. Daniel, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Stuart Brooks and Michael Klein, Assts., Fort Worth, for State.

Before HILL, C.J., and FARRIS and WEAVER, JJ.

## OPINION

FARRIS, Justice.

William C. Glover, Jr., appeals his driving while intoxicated conviction complaining of an order overruling his motion to suppress evidence obtained as a consequence of his detention and arrest. In points one through four, Glover contends the arresting officer lacked sufficient information to make a valid *Terry* stop, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and his warrantless arrest was without probable cause, violating both federal and state constitutional search and seizure protection.[1] *See* U.S. CONST. Amends. IV & XIV; TEX. CONST. art. I § 9. We overrule all four points of error and affirm the judgment.

■ In his first two points, Glover contends the arresting officer did not have a sufficient factual basis to stop Glover and investigate him for suspicion of driving while intoxicated. Because the facts relevant to this issue are undisputed, our concern is only with whether the law was correctly applied. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

Glover was arrested by Fort Worth Police Officer Steven Hall. Hall was on I-30, east of Bridge Street, issuing a traffic ticket to another driver when he received a radio broadcast on the mobile data terminal in his police car:

> Signal 22, eastbound I-30 at Bridge, white Corvette, FSP 89X, weaving all over the road, last seen 0125 hours, info EMS unit, 0125 hours.[2]

From the broadcast, Hall learned an ambulance had reported a DWI suspect driving a Corvette with license number FSP 89X, traveling in Hall's direction. As he completed issuing the traffic ticket to the other driver, Hall saw a white Corvette, followed by an ambulance, and he gave chase.

After Hall caught up with the Corvette, its driver, Glover, pulled over and the ambulance continued on. Hall approached the Corvette, asked Glover for his driver's license, and then asked him to get out of the car. Hall asked Glover to get out of the car because he wanted to talk to him and determine if he was intoxicated. Once Glover had exited the vehicle, Hall noticed his eyes were bloodshot and watery, his speech was slightly slurred, and his gait was unsteady. Hall asked Glover to attempt field sobriety tests which Glover agreed to do. After Glover failed the tests, Hall told Glover he was arresting him for driving while intoxicated.

Hall admitted he did not see Glover drive erratically and stopped him only because of the broadcast message he had received. An EMS technician in the ambulance had seen Glover weaving, assumed he was intoxicated, and initiated the broadcast by calling the police and reporting the information broadcasted to Hall. Hall did not speak with the technician or know his identity until after Glover's arrest. Glover contends this information did not justify a *Terry* stop and thus the initial detention violated both constitu-

---

1. Article I, section 9 is coextensive with the Fourth Amendment in the standard applied to *Terry* stops. *See Davis v. State*, 829 S.W.2d 218 (Tex.Crim.App.1992).

2. At trial, Hall explained, "signal 22" was a radio police signal for an intoxicated driver and "EMS unit," or emergency medical service unit, was an ambulance.

tions. To support this contention, Glover reads into my dissent in *State v. Adkins,* 829 S.W.2d 900 (Tex.App.—Fort Worth 1992, pet. ref'd), that I agreed with the trial court that a tip from an unnamed informant alone is not sufficient to justify detention; when in reality, I merely stated the basis for the trial court's ruling, and opined that in light of the record the trial court did not abuse its discretion in suppressing the evidence. *Id.* at 902.

We overrule points one and two because the broadcast was sufficient to validate an investigative *Terry* stop of Glover based upon a reasonable suspicion he was guilty of DWI. Even though Hall did not know the EMS technician's identity, his knowledge that the information broadcasted had come from an EMS unit was sufficient indicia of reliability. Because the officer could be confident of learning the identity of the technician, because the informant could reasonably anticipate his identity would be available to the police, and because the informant was trained in working with police and in emergency situations, we hold the information Hall received from the broadcast was reliable and, under the totality of the circumstances, established probable cause to detain Glover. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Adkins,* 829 S.W.2d at 901.

■ In points three and four, Glover contends the initial stop was an arrest, not a *Terry* stop, and no probable cause existed to make a warrantless arrest, therefore, it was invalid. Glover argues Hall was arresting him, and not merely detaining him for investigation, when he asked him to get out of his car because his freedom had been restricted. As proof Hall restrained his freedom, Glover points to Hall's testimony he immediately asked Glover to get out of his car without first talking with him, and Glover was not free to leave and had he attempted to leave, Hall would have pursued him. We overrule points three and four because the suppression hearing testimony, considered in the light most favorable to the trial court's findings, does not show an abuse of discretion. *See Freeman v. State,* 723 S.W.2d 727, 729 (Tex.Crim.App.1986).

As stated above, Hall had probable cause to stop Glover. In addition, we hold Hall was entitled to ask Glover to step from his car to guarantee his safety and the trial court did not abuse its discretion in holding Hall did not improperly arrest Glover.

It was after 1:30 a.m. when Hall stopped Glover driving on Interstate 30. Hall had to approach Glover's car, occupied by two persons, alone, in the dark, along a major highway. To require Hall to converse with the car's occupants would subject him to risk of injury from passing vehicles as well as any unknown risk posed by the car's occupants. Hall's safety was a legitimate justification for the further intrusion of compelling Glover to step from his car, *see Goodwin v. State,* 799 S.W.2d 719, 727 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991), and Hall's reasonable exercise of precaution did not make his detention of Glover an arrest. *See State v. Vasquez,* 842 S.W.2d 841, 843 (Tex.App.—Beaumont 1992, no pet.).

The judgment is affirmed.