TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00686-CR







The State of Texas, Appellant



v.



Kerry Severn, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 41,243, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







PER CURIAM


 The State appeals from an order of the county court at law granting appellee's
motion to suppress evidence. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 1995). 
The underlying prosecution is for driving while intoxicated.

 At issue below was whether the traffic stop that resulted in appellee's arrest was
lawful. Mitchell Johnson, a detective with the Hays County sheriff's department, was the only
witness to testify at the hearing. Johnson testified that he was on routine patrol when he
overheard a dispatch from a Buda EMS unit reporting a pickup truck "that was driving erratic,
taking up all of the highway to drive, and it was headed south on IH-35." Johnson soon found
the suspect vehicle and followed it for approximately one mile. Johnson saw the truck weave
from side to side without leaving the lane of traffic in which it was travelling. Suspecting that the
driver of the truck was intoxicated, Johnson turned on his emergency lights and stopped the
vehicle. The driver, appellee, was arrested for driving while intoxicated after further investigation
by Johnson and another officer. After hearing this testimony, the court below granted the motion
to suppress without comment. The court's written order contains no findings of fact or
conclusions of law.

 A police officer may detain a person for investigatory purposes if, based on the
totality of the circumstances, the officer has a particularized and objective basis for suspecting the
person stopped of criminal activity. United States v. Cortez, 449 U.S. 411 (1981); Davis v. State,
829 S.W.2d 218, 219 (Tex. Crim. App. 1992). The officer must have specific and articulable
facts which, in light of his experience and personal knowledge, together with other inferences
from those facts, would reasonably warrant the intrusion for further investigation. Johnson v.
State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983).

 A motion to suppress evidence is committed to the trial court's discretion, and an
appellate court may not reverse the trial court's decision absent a clear showing that the court
abused its discretion. State v. Comeaux, 786 S.W.2d 480, 481-82 (Tex. App.--Austin 1990),
aff'd, 818 S.W.2d 46 (Tex. Crim. App. 1991); State v. Carr, 774 S.W.2d 379, 380 (Tex.
App.--Austin 1989, no pet.). The test for an abuse of discretion is not whether, in the opinion of
the reviewing court, the facts present an appropriate case for the trial court's action. Rather it is
a question whether the trial court acted without reference to any guiding rules and principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). An appellate court will not
find an abuse of discretion if the trial court's ruling was within the zone of reasonable
disagreement. Id. at 391 (opinion on rehearing).

 The State refers us to the recent opinion in Glover v. State, 870 S.W.2d 198 (Tex.
App.--Fort Worth 1994, pet. ref'd). That case also involved a stop for investigation of driving
while intoxicated based on an EMS technician's report of a vehicle driving erratically. The trial
court overruled the defendant's motion to suppress challenging the legality of the stop and the
court of appeals affirmed. The court concluded that the EMS technician's report could be
considered reliable and was sufficient, under the totality of the circumstances, to warrant the stop. 
Id. at 200. The State points out that the police officer in Glover stopped the suspect vehicle
immediately, relying solely on the radioed report, while in this cause the officer did not stop
appellee until he also observed her driving in a manner the officer considered indicative of
intoxication.

 The facts in this cause are substantially similar to those held in Glover to be
sufficient to support an investigatory stop. But this cause, unlike Glover, is an appeal from an
order granting the defendant's motion to suppress. As appellant, the State must establish that the
trial court's decision was a clear abuse of discretion. The State has not carried that burden. 
While the evidence adduced below might have supported an order overruling the motion to
suppress, the testimony was not so conclusive as to warrant a holding that the court's suppression
order was an abuse of discretion. The county court at law's determination that Officer Johnson
did not have an adequate basis for stopping appellee was, we believe, within the zone of
reasonable disagreement.

 The order granting appellee's motion to suppress evidence is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: May 3, 1995

Do Not Publish