COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

ROBERT POYNOR,                                            )                    No. 
08-02-00084-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                            County Court

                                                                              )                 

THE STATE OF TEXAS,                                     )                 of Andrews County, Texas

                                                                              )

Appellee.                           )                            (TC# 01-0231)

 

O
P I N I O N

 

Robert
Britt Poynor appeals his conviction for the offense of driving while
intoxicated, subsequent offense.  A jury
found Appellant guilty and the court assessed punishment at a fine of $1,000
and confinement for a term of one year, but the court suspended the sentence
and placed Appellant on community supervision for two years.  In a single point of error, Appellant
challenges the trial court=s
denial of his pretrial motion to suppress evidence.  We affirm.

FACTUAL SUMMARY








Jodie
Swafford, a travel agent who lives in Odessa, was driving to Brownfield to pick
up her husband on the evening of May 29, 2001. 
At approximately 6 p.m., she was traveling northbound on Highway 385 in
Andrews County when a green Chevy pickup passed her.  As the driver passed her, he drove the pickup
on the left hand shoulder before changing lanes and driving on the right
shoulder.  The driver swerved from left
to right on the highway several times, sometimes driving on the median.
Swafford traveled behind him for a while, expecting him to pull over.  When he did not, she decided to call
911.  She reported to an Andrews County
female deputy sheriff what she had seen and provided a description of the
vehicle and license plate.  She also
provided the deputy sheriff with her name and cellular phone number.  The deputy sheriff instructed her to stay on
the telephone until a state trooper pulled in behind the driver.  A trooper pulled over the pickup and Swafford
continued traveling but a police officer soon stopped her to verify her
identity.  Swafford later gave a written
statement to the same trooper who had made the stop.  

State
Trooper James M. Fortenberry heard a radio report issued by the Andrews County
Sheriff=s Office
of a reckless or possibly intoxicated driver on Highway 385.  Because he was in the area, Fortenberry
responded to the call.  He was given a
description of the vehicle including its license plate number.  Fortenberry located the vehicle and followed
it for a few blocks.  Fortenberry did not
observe any erratic driving but stopped the pickup after verifying that he was
following the correct vehicle.  He
stopped the pickup based solely upon Swafford=s
report of erratic driving.  After
speaking with the driver, Appellant, Fortenberry noticed an odor of alcohol on
his breath.  Fortenberry performed the
horizontal gaze nystagmus test and asked Appellant to perform other field
sobriety tests.  Based upon these tests,
Fortenberry formed the opinion that Appellant was intoxicated and arrested
him.  In the truck, Fortenberry found two
empty 16-ounce cans of Keystone Light beer, one half-full 16-ounce can of beer,
and three unopened cans.  Appellant
refused to take a breathalyzer test. 
During a later interview, Appellant admitted that he had been drinking.  








Appellant
filed a written motion to suppress alleging that Fortenberry did not observe
any traffic violations or erratic driving, and therefore, lacked probable cause
or reasonable suspicion to justify the stop. 
At the suppression hearing, Appellant additionally argued that the stop
was based on nothing more than an uncorroborated anonymous tip.  The trial court denied the motion to suppress
with a written order.

VALIDITY OF THE STOP

In
his sole point of error, Appellant contends that the trial court erred in
denying his motion to suppress because an anonymous tip is insufficient to
justify the stop.  We generally review a
trial court=s ruling
on a motion to suppress based upon an alleged lack of reasonable suspicion
using the bifurcated standard of review articulated in Guzman v. State,
955 S.W.2d 85 (Tex.Crim.App. 1997).  See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000).  Under this standard, we afford almost total
deference to the trial court=s
express or implied determination of historical facts and review de novo
the court=s
application of the law pertaining to search and seizure to those facts.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Carmouche, 10 S.W.3d at 327.  








The
sole issue in this case is whether the information relayed from Swafford to
Fortenberry via the deputy sheriff dispatcher is legally sufficient to justify
the investigative detention. Facts known by a police officer which fall short
of probable cause for an arrest may still justify a temporary investigation or
detention because such investigation or detention is a lesser intrusion on an
individual=s privacy
than an arrest.  Terry v. Ohio,
392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Livingston v. State,
739 S.W.2d 311, 327 (Tex.Crim.App. 1987), cert. denied, 487 U.S. 1210,
108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); Gaines v. State, 888 S.W.2d 504,
508 (Tex.App.‑-El Paso 1994, no pet.). 
In order to engage in a valid investigative detention, the officer must
have specific, articulable facts which, in light of his experience and personal
knowledge, taken together with rational inferences from these facts, reasonably
warrant intrusion into the privacy of the individual stopped for such
investigation.  Glass v. State,
681 S.W.2d 599, 601 (Tex.Crim.App. 1984); Gaines, 888 S.W.2d at
508.  The reasonableness of a temporary
detention must be examined in terms of the totality of the circumstances and
will be justified when the detaining officer has specific articulable facts,
which taken together with rational inferences from those facts, lead him to
conclude that the person detained actually is, has been, or soon will be
engaged in criminal activity.  Woods
v. State, 956 S.W.2d 33, 38‑39 (Tex.Crim.App. 1997).  In such a case, the officer may investigate
by stopping the individual in order to determine his identity, posing questions
to him or detaining him briefly while attempting to obtain further
information.  Delk v. State, 855
S.W.2d 700, 710 (Tex.Crim.App.), cert. denied, 510 U.S. 982, 114 S.Ct.
481, 126 L.Ed.2d 432 (1993); Gaines, 888 S.W.2d at 508.  








As
noted by Appellant, a tip by an unnamed informant of undisclosed reliability
standing alone will rarely establish the requisite level of suspicion necessary
to justify an investigative detention.  State
v. Stolte, 991 S.W.2d 336, 341 (Tex.App.--Fort Worth 1999, no pet.).  However, a police broadcast, if based on
reliable information furnished by an otherwise credible, known private citizen
whose only contact with the police or criminal activity results from having
witnessed a criminal act, may be sufficient to provide an officer with probable
cause to stop persons matching the description for investigatory purposes.  Esco v. State, 668 S.W.2d 358, 360
(Tex.Crim.App.1982); Gaines, 888 S.W.2d at 509.  A detailed description of the wrongdoing,
along with a statement that the event was observed firsthand, entitles an
informant=s tip to
greater weight.  Illinois v. Gates,
462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983); Stolte,
991 S.W.2d at 341.  So does the fact that
the person put himself in a position to be held accountable for his
intervention.  Stolte, 991 S.W.2d
at 341.  Furthermore, a person who is not
connected with the police or who is not a paid informant is considered
inherently trustworthy when he advises the police that he suspects criminal
activity has occurred or is occurring.  Stolte,
991 S.W.2d at 341.

Although
Appellant relies on case law pertaining to anonymous tips, this case involves a
tip provided by an eyewitness who identified herself to the police.  Therefore, the cases cited by Appellant are
inapplicable.  Swafford called 911 and
reported a green pickup truck being driven erratically on Highway 385.  In addition to identifying herself, Swafford
provided a description of the vehicle in question.  Fortenberry heard the broadcast and stopped
Appellant after verifying that he had found the correct vehicle.  Even though Fortenberry did not observe
Appellant commit any traffic violations or drive erratically and although
Fortenberry had not personally learned the name of the tipster at the time he
received the radio broadcast, the information relayed from Swafford to the
Sheriff=s
Department and then to the state trooper via the broadcast provided Fortenberry
with reasonable suspicion to stop Appellant. 
See Stolte, 991 S.W.2d at 342 (police officer who stopped
defendant for suspicion of driving while intoxicated on basis of information
supplied by a cellular phone caller was justified in initiating an
investigatory stop, even though officer did not know caller=s name where officer knew that standard
procedure was for caller to stop behind patrol car and wait to be contacted); Glover
v. State, 870 S.W.2d 198, 200 (Tex.App.--Fort Worth 1994, pet. ref=d)(even though officer had not seen
defendant drive erratically, he had sufficient factual basis to stop defendant
and investigate him for suspicion of driving while intoxicated where he had
received tip from EMS technician who was later identified).  The trial court properly denied the motion to
suppress.  Appellant=s sole point of error is overruled and
the judgment of the trial court is affirmed. 

 

January 30, 2003

                                                                         

ANN CRAWFORD
McCLURE, Justice

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)