# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00087-CR

**Johnnie Louis Brdecka, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2005-189, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Johnnie Louis Brdecka of the felony offense of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b) (West Supp. 2006). The district court assessed punishment at ten years' confinement. In two issues on appeal, Brdecka asserts that the district court abused its discretion in denying his motion to suppress and in admitting hearsay testimony. We will affirm.

## BACKGROUND

The jury heard evidence that on the evening of March 29, 2005, Brdecka and his girlfriend, Angelita Neal, arrived at a convenience store in a blue Chevy Camero. Neal was driving the vehicle. Sheila Hastings and Linda Newman, who were both working at the convenience store on the night in question, testified that Brdecka and Neal were arguing loudly outside the store and that Brdecka was using "foul language." According to Newman, Brdecka was "screaming and

hollering" for "[p]robably five minutes or more" and Newman was "scared they were going to start a fight or something." Hastings and Newman testified that the two appeared to be fighting over who was going to drive. Hastings and Newman observed Brdecka grab the car keys from Neal and walk into the convenience store and into the restroom. Both Hastings and Newman testified that they were not close enough to Brdecka to observe any signs that he may have been intoxicated.

Hastings also testified that Neal followed Brdecka into the store and "apologized for the way [Brdecka] was acting outside." When the State asked Hastings what Neal had told her about the reasons for Brdecka's behavior, Brdecka objected on the basis of hearsay. *See* Tex. R. Evid. 801(d), 802. In response, the State argued that Neal's statement was admissible under the present-sense impression exception to the hearsay rule. *See id*. 803.1. The State also provided the district court with case law on the subject. The district court stated that "right now it's not coming in" but added that it would "make a further decision on this later on" after reviewing the cases the State provided.

Hastings continued her testimony. She explained that Brdecka came out of the restroom, exited the store, and got into the driver's seat of the car. Hastings observed Neal run out of the store and tell Brdecka, "Oh, no, you're not driving." Brdecka "proceeded to back up" and Neal got into the car on the passenger side. Brdecka "spun off real fast" and the two drove away. Hastings called the police, reported that there had been a disturbance at the store, and informed the police that there was a possibility that Brdecka was intoxicated.

Newman, the other store employee present during the incident, testified to essentially the same facts to which Hastings testified. After Newman finished her testimony, the district court

2

took a recess and reviewed the cases the State had provided on the issue of present-sense impression. After review, the district court ruled that the testimony it had previously excluded as hearsay was admissible as a present-sense impression. The State then recalled Hastings and Newman. Over further objection by Brdecka, both witnesses testified that when Neal came into the store and apologized for Brdecka's behavior, Neal told them that the reason for Brdecka's behavior was that it was his birthday and that "he had been drinking all day."

The jury also heard evidence from the two police officers who responded to Hastings's call. Officer David Villanueva testified that he was on the lookout for Brdecka's vehicle because he had received a report that the driver had engaged in disorderly conduct—"cursing and possibly starting a fight." When Villanueva spotted Brdecka's vehicle, he noticed that the driver was speeding just above the speed limit. Although Villanueva testified that he was unsure exactly how fast Brdecka was driving, he was certain that he was speeding. Villanueva followed the vehicle and initiated a traffic stop. On cross-examination, Villanueva explained that he did not pull Brdecka over for speeding but for the report of disorderly conduct. Villanueva also testified that he suspected Brdecka was intoxicated when he noticed that Brdecka had "glossy eyes" that were a "little red" and "bloodshot," and that he had a "smell of alcohol" about him.

The officer who conducted the DWI investigation was Adam Boyd. Boyd testified that when he began talking to Brdecka, Boyd "could smell alcohol on his breath and see that his eyes were bloodshot and he was slightly swaying." According to Boyd, Brdecka had "a really strong smell of beer, very fresh." Boyd also observed that Brdecka's speech was slurred. Suspecting that Brdecka was intoxicated, Boyd conducted the standardized field sobriety tests: the HGN, the

3

walk-and-turn, and the one-leg-stand. Boyd testified that Brdecka exhibited six out of six possible "clues," or signs of intoxication, during the HGN test. Boyd also testified that Brdecka had difficulty maintaining his balance during the "instruction phase" of the walk-and-turn test. However, Boyd further testified that Brdecka was able to successfully perform both the walk-and-turn and one-leg-stand tests. Nevertheless, based on his training as a police officer and the "totality of the circumstances," Boyd determined that Brdecka was intoxicated and arrested him. Boyd also testified that after he transported Brdecka to the Caldwell County jail, Brdecka refused to allow his breath to be tested for the presence of alcohol.

The State indicted Brdecka for the offense of driving while intoxicated. The offense was classified as a felony because of Brdecka's two prior convictions for driving while intoxicated. The jury convicted Brdecka as charged in the indictment and the district court assessed punishment at ten years' confinement. This appeal followed.

## DISCUSSION

**Motion to suppress**

In his first issue, Brdecka asserts that the district court abused its discretion in overruling his motion to suppress. In his motion, Brdecka alleged that, at the time he was pulled over, the officers did not have reasonable suspicion or probable cause to believe that Brdecka "was about to commit, committing, or had committed any criminal act." Therefore, according to Brdecka, his detention was unlawful and the evidence obtained as a result of the detention violated the Fourth Amendment. *See* U.S. Const. amend. IV. In response, the State argued that the report of disorderly

4

conduct by a possibly intoxicated driver and the fact that Brdecka was speeding provided sufficient information for the officers to detain Brdecka.

An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*. A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id*.

In evaluating the totality of the circumstances, we use a bifurcated standard of review. *Ford*, 158 S.W.3d at 493. We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).

The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Adams v. Williams*, 407 U.S. 143, 147 (1972); *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). When the person reporting the information to the police is a concerned citizen rather than a paid government informant, and the witness allows herself to be identified, the information bears sufficient indicia of reliability. *See Brother*, 166 S.W.3d at 258 n.3.

5

The district court confronted such a case here. Hastings was a concerned citizen who identified herself and reported to the police that Brdecka had created a disturbance at her store by using foul language and that he was driving a vehicle while possibly intoxicated.[1] Thus, the authorities received the following information from an identifiable citizen informant: (1) a report of an individual engaged in disorderly conduct; (2) a detailed description of the vehicle driven by the individual, including the license plate number; and (3) a report that the individual driving the vehicle was possibly intoxicated. Those are specific, articulable facts from which Officer Villanueva could reasonably conclude that Brdecka "actually is, has been, or soon will be engaged in criminal activity." *Garcia*, 43 S.W.3d at 530; *see also State v. Fudge*, 42 S.W.3d 226, 232 (Tex. App.—Austin 2001, no pet.) (upholding detention based solely on cab driver's unsolicited in-person report to officer about erratic driving); *Glover v. State*, 870 S.W.2d 198 (Tex. App.—Fort Worth 1994, pet. ref'd) (upholding stop based on general description of possibly intoxicated driver from anonymous EMS technician). Hastings testified at trial, so the district court was able to directly assess her credibility as an informant. Furthermore, the information Hastings provided to the authorities was corroborated by Newman's testimony.

---

[1] Brdecka argues in a footnote that "there is no way to determine whether the 'foul language' being used . . . was truly the type of language prohibited" by the disorderly conduct statute. *See* Tex. Penal Code Ann. § 42.01 (West Supp. 2006). However, our inquiry is not whether Brdecka actually engaged in disorderly conduct, but whether the officer had specific, articulable facts to reasonably conclude that Brdecka actually is, has been, or soon will be engaged in criminal activity. In addition to the report of disorderly conduct, Hastings reported that Brdecka was possibly intoxicated. These reports may not be sufficient to prove beyond a reasonable doubt that Brdecka had violated any law. However, they are specific, articulable facts that justify an investigatory detention.

Additionally, the district court heard evidence that Officer Villanueva personally observed Brdecka violating the speed limit. Although Villanueva testified that this was not the reason he pulled Brdecka over, the subjective intent of Villanueva in making the stop is irrelevant. *See Garcia*, 43 S.W.3d at 530. We look solely to whether an objective basis for the stop exists. *Id*. Speeding is a traffic violation. *See* Tex. Transp. Code Ann. § 545.351 (West 1999). A traffic violation alone justifies an initial stop. *See Dillard v. State*, 550 S.W.2d 45, 50 (Tex. Crim. App. 1977); *Icke v. State*, 36 S.W.3d 913, 916 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *Brown v. State*, 659 S.W.2d 499, 503 (Tex. App.—Fort Worth 1983), *aff'd*, 672 S.W.2d 487 (Tex. Crim. App. 1984).[2]

Based on the totality of the circumstances in this case, we conclude that the district court did not abuse its discretion in overruling Brdecka's motion to suppress. We overrule Brdecka's first issue.

**Hearsay**

In his second issue, Brdecka asserts that the district court erred in admitting Neal's statement to Hastings and Newman that Brdecka "had been drinking all day."

"In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id*.

---

[2] *See also Bilsing v. State*, No. 03-98-00016-CR, 1999 Tex. App. LEXIS 2575, at *8 (Tex. App.—Austin 1999, pet. ref'd) (not designated for publication).

The district court admitted Neal's statement under the present-sense impression exception to the hearsay rule. A present-sense impression is a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Tex. R. Evid. 803.1. The present-sense impression exception to the hearsay rule is based upon the underlying premise that the contemporaneity of the event and the declaration ensures reliability of the statement. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). The closer the declaration is to the event, the less likely there will be a calculated misstatement. *Id*.

The event in this case is not, as Brdecka contends, his drinking on the day in question. Rather, the contemporaneous event is the argument outside the convenience store between Brdecka and Neal which, according to the testimony of Hastings and Newman, lasted approximately five minutes and involved much "foul language" and "screaming and hollering." This argument concluded moments before Neal entered the store and made her statement. Neal was seeking to explain the reason for Brdecka's behavior, which Hastings and Newman had both observed, when she apologized and stated that Brdecka "had been drinking all day long." We conclude that the district court's decision to admit this statement as a present-sense impression was not "so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *McDonald*, 179 S.W.3d at 576.

Furthermore, any error in admitting the statement was harmless in light of the other evidence in the record establishing Brdecka's intoxication. Although Brdecka may have passed two out of three of the standardized field sobriety tests, Brdecka did not pass the HGN test, which Boyd testified was, in his opinion, the most reliable of the three tests. Although there is some evidence in the record that Boyd may have made a mistake in administering the HGN test, the results of this

8

test were admitted for the jury's consideration. Additionally, both Boyd and Villanueva testified to observing signs that Brdecka was intoxicated, including: slurred speech; swaying; difficulty maintaining balance; glossy, red, and bloodshot eyes; and a strong and "very fresh" smell of alcohol on Brdecka's breath and person. Finally, Brdecka refused to take a breath test, which the jury may consider as evidence of intoxication. *See Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) (citing Tex. Transp. Code Ann. § 724.015 (West Supp. 2006)); *Hartman v. State*, 198 S.W.3d 829, 834 (Tex. App.—Corpus Christi 2006, pet. dism'd). Because there was other evidence in the record to establish Brdecka's intoxication, we hold that any error in the admission of Neal's statement did not affect Brdecka's substantial rights and must be disregarded. *See* Tex. R. App. P. 44.2(b). We overrule Brdecka's second issue.

## CONCLUSION

Having overruled Brdecka's issues on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed: March 13, 2007

Do Not Publish

9