NO.
12-06-00097-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

THOMAS G.
THOMPSON,            §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE  §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant
Thomas G. Thompson was convicted of driving while intoxicated.  In his sole issue, Appellant asserts that the
trial court abused its discretion by overruling his motion to suppress.  We affirm.

 

Background

            On the evening of June 23, 2004,
Appellant was driving a green Ford Explorer in Tyler, Texas.  Another motorist called the police and
reported that she was following a driver who was possibly intoxicated.  According to the motorist, the driver she was
following was “driving erratically all over the road.”  The witness identified the vehicle she was
following as a green Ford Explorer and gave the license plate number.  She told the police that the vehicle was in
the vicinity of Houston Street and Vine Avenue. 
This information was relayed by a police dispatcher to Officer Adam
Tarrant of the Tyler Police Department. 
Officer Tarrant was already on patrol in the area and began searching
for the green Ford Explorer.  








            While Officer Tarrant was searching
for the Explorer, he was “flagged down” by a motorist who flashed her
headlights to get his attention.  She
told him that “[t]he car just went that away. 
He’s all over the road.” 
Concerned that a possibly intoxicated driver might get away, Officer
Tarrant immediately continued his search, proceeding in the direction suggested
by the motorist without obtaining the motorist’s name or address.  

            Officer Tarrant soon came upon two
green sport utility vehicles and conducted a simultaneous traffic stop.  Appellant was driving one of the
vehicles.  After confirming that Appellant’s
license plate matched that of the vehicle initially described by the
dispatcher, Officer Tarrant allowed the other vehicle to leave.

            As Officer Tarrant approached him,
Appellant stepped out of his vehicle. 
The officer noticed that Appellant was “a little unsteady” and smelled a
“moderate” odor of alcohol on Appellant’s breath.  He asked Appellant if he had consumed any
alcoholic beverages that night, and Appellant stated that he had not.  Appellant did, however, admit that he had
taken two prescription medications that day. 
He stated that one of the medications was “Xanax” and that the other was
some form of antidepressant.

            Officer Tarrant then asked Appellant
to perform three field sobriety tests. 
Appellant complied and failed two of the tests.  Based upon his training and experience, as
well as the citizen reports of Appellant’s driving, the odor of alcohol on
Appellant’s breath, Appellant’s admitted consumption of prescription
medications, and Appellant’s failure of two of the three sobriety tests,
Officer Tarrant determined that Appellant was intoxicated and placed him under
arrest for driving while intoxicated.[1] 
He then requested that Appellant submit to a blood test to determine his
blood alcohol level.  Appellant refused.

            Appellant was indicted for driving
while intoxicated.  The charge was
enhanced to a second degree felony based upon his three previous convictions
for driving while intoxicated.  Following
a bench trial, the trial court found Appellant guilty.  After an administrative transfer of his case,
another trial court subsequently sentenced him to twelve years of
imprisonment.  This appeal followed.

 

Reasonable Suspicion

            In his sole issue, Appellant
challenges the trial court’s denial of his motion to suppress.

Standard of
Review

            In reviewing a
trial court’s ruling on a motion to suppress, an appellate court should
generally afford almost total deference to a trial court’s determination of
historical facts supported by the record, especially when the trial court’s
fact findings are based on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  The identical
amount of deference should be given to the trial court’s rulings on application
of law to fact questions, if the resolution of those ultimate questions turns
on an evaluation of credibility and demeanor. 
Appellate courts review de novo mixed questions of law and fact not
falling within this category.  Id.  

            In accordance with these principles,
de novo review is appropriate when an appellate court is presented with a
question of law based on uncontroverted testimony and there is no indication
that the trial court did not believe that testimony.  State v. Ross, 32 S.W.3d 853,
857-58 (Tex. Crim. App. 2000).  Here,
Officer Tarrant’s version of the facts was uncontroverted and the trial court’s
ruling was not contrary to his testimony. 
Thus, we review the trial court’s application of the law concerning
reasonable suspicion de novo, while affording almost total deference to the
trial court’s determination of the historical facts.  See Guzman, 955 S.W.2d at
89.  When, as here, the trial court does
not make explicit findings of historical fact, we view the facts adduced in the
light most favorable to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d
323, 327-28 (Tex. Crim. App. 2000).

Applicable Law

            Law enforcement officers may stop
and briefly detain persons suspected of criminal activity on less information
than is constitutionally required for probable cause to arrest.  Terry v. Ohio, 392 U.S. 1, 22,
88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889.[2] 
In determining whether the officer acted reasonably in such
circumstances, due weight must be given, not to his inchoate and
unparticularized suspicion or hunch, but to the specific reasonable inferences
that he is entitled to draw from the facts in light of his experience.  Id., 392 U.S. at 27, 88 S. Ct.
at 1883.  Such an investigative detention
is permissible when the detaining officer has specific articulable facts which,
taken together with rational inferences from those facts, create a reasonable
suspicion that the person detained is, has been, or soon will be engaged in
criminal activity.  See Brother v.
State, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).  

            The existence of reasonable
suspicion to support an investigative detention turns on the totality of the
circumstances in each case.  See Alabama
v. White, 496 U.S. 325, 328-29, 110 S. Ct. 2412, 2415, 110 L. Ed. 2d
301 (1990).  Under this analysis,
reasonable suspicion is dependent upon both the content of the information
possessed by the officer and its degree of reliability.  Id., 496 U.S. at 330, 110 S. Ct. at
2416.  Both the quantity and the quality
of the information are considered in this analysis. Id.

            A tip by an unnamed informant of
undisclosed reliability, standing alone, will rarely establish the requisite
level of suspicion necessary to justify an investigative detention.  Id., 496 U.S. at 329, 110 S.
Ct. at 2415.  In most instances, there
must be some further indicia of reliability from which a police officer may
reasonably conclude that the tip is reliable and a detention is justified.  See id., 496 U.S. at 329, 110
S. Ct. 2415-16.  Where the information
has a fairly low degree of reliability, more information will be required to
establish the requisite level of suspicion necessary to justify an
investigative detention.  Id.,
496 U.S. at 330, 110 S. Ct. 2416. 
Corroboration by the law enforcement officer necessarily goes to the
quality, or reliability, of the information. 
State v. Sailo, 910 S.W.2d 184, 188 (Tex. App.–Fort Worth
1995, pet. ref’d).  Where the reliability
of the information is increased, less corroboration is necessary.  White, 496 U.S. at 330, 110 S.
Ct. at 2416.  A detailed description of
wrongdoing, along with a statement that the event was observed firsthand,
entitles an informant’s tip to greater weight than might otherwise be the
case.  Illinois v. Gates,
462 U.S. 213, 234, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983).

            Corroboration does not mean that the
officer must personally observe the conduct that causes him to reasonably
suspect that a crime is being, has been, or is about to be committed.  Brother, 166 S.W.3d at 259 n.5
(citing Adams v. Williams, 407 U.S. 143, 147, 92 S. Ct. 1921,
1924, 32 L. Ed. 2d 612 (1972)).  Rather,
corroboration refers to whether the police officer, in light of the
circumstances, confirms enough facts to reasonably conclude that the information
given to him is reliable and that an investigative detention is thus
justified.  Id. (citing White,
496 U.S. at 330-31).  “To require
officers who are apprised of detailed facts from citizen-eyewitnesses to
observe suspects and wait until additional suspicious acts are committed, would
be foolish and contrary to the balance of interests struck in Terry and
its progeny.”  Id. at 259
(citing Terry, 392 U.S. at 29).

Analysis

            The investigation by Officer Tarrant
began in the wake of a phone call from an unnamed concerned citizen.  The information supplied by the citizen was
very specific and detailed.  She told the
dispatcher that the driver she was following was possibly intoxicated and “driving
erratically all over the road.”  She also
identified the vehicle she was following as a green Ford Explorer, gave the
license plate number, and stated that the vehicle was in the vicinity of
Houston Street and Vine Avenue.

            Officer Tarrant also had a face to
face encounter with a citizen[3] who told him that “[t]he car
just went that away.  He’s all over the
road.”  This citizen presented herself to
Officer Tarrant while driving a car from which her identity might easily be
traced, thus putting herself in a position to be held accountable for her
statements to him.  See Sailo,
910 S.W.2d at 188.  Therefore, she is not
properly classified as an anonymous tipster, and her tip deserves greater
weight than an anonymous tip.  See id.  Further, this tip was an eyewitness account
from an unpaid informant.  Finally,
Officer Tarrant testified that he detected nothing in the citizen’s actions
that would lead him to believe that she was unreliable.

            Information from a citizen who
confronts an officer in person to advise the officer that a designated
individual in the near vicinity is committing a specific crime should be given
serious attention and great weight by the officer.  See United States v. Sierra-Hernandez,
581 F.2d 760, 763 (9th Cir. 1978); Sailo, 910 S.W.2d at 188.  Indeed, a person who is not connected with
the police or who is not a paid informant is inherently trustworthy when he
advises the police that a crime is being committed.  Id.  Thus, the reliability of the information is
increased.  Id.

            Officer Tarrant was able to
sufficiently corroborate these two tips when he observed Appellant’s green Ford
Explorer in a location consistent with the tips.  See Sailo, 910 S.W.2d at
188-89.  In light of the totality of the
circumstances, this gave Officer Tarrant the particularized reasonable
suspicion necessary to conduct the traffic stop of Appellant.  See Sierra-Hernandez, 581 F.2d
at 763; Brother, 166 S.W.3d at 254-60; Sailo, 910
S.W.2d at 188-89.

            Because Officer Tarrant had the
requisite reasonable suspicion to stop Appellant, the trial court did not abuse
its discretion in denying Appellant’s motion to suppress.  We overrule Appellant’s sole issue.

Disposition

Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

                                                                                  BRIAN HOYLE    

                                                                                        Justice

 

 

Opinion delivered April 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Penal Code Ann. § 49.04 (Vernon 2003).





[2] Article I, section 9 of the Texas Constitution is coextensive with the
Fourth Amendment of the United States Constitution regarding the standard
applied to investigative detentions.  Glover
v. State, 870 S.W.2d 198, 199 n.1 (Tex. App.–Fort Worth 1994, pet. ref’d)
(citing Davis v. State, 829 S.W.2d 218 (Tex. Crim. App. 1992)).





[3] The record does not show whether the motorist who flagged down Officer
Tarrant was the same person who had called the police earlier.