MARY'S OPINION HEADING 








NO. 12-09-00147-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

PHILIP ARTHUR
GILES,                           §                      APPEAL FROM THE

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Philip
Arthur Giles appeals his conviction for driving while intoxicated (DWI).  In
his sole issue, he contends that the trial court abused its discretion in
denying his motion to suppress evidence.  We affirm.

 

Background

            On
April 26, 2008, Officer Lonnie McKinney of the Brownsboro Police Department
conducted a traffic stop.  During the traffic stop, a second motorist stopped
behind Officer McKinney.  In a face to face encounter, the motorist advised
Officer McKinney that Appellant’s “vehicle was all over the roadway[,] [i]n the
ditch[,] [i]n the center median,” and that the motorist “believed that
[Appellant] was drunk.”  The vehicle then passed the motorist and Officer
McKinney.  As the vehicle passed, the motorist physically pointed to the
vehicle, exclaiming “that L.T.D.”  Without obtaining any identifying
information from the motorist, Officer McKinney proceeded to follow Appellant’s
vehicle and conducted a traffic stop even though he observed no traffic
violations. 

Upon
initiating the stop, Officer McKinney detected the odor of alcohol and observed
Appellant’s “red, watery” eyes.  Appellant then performed several field
sobriety tests, and the officer determined that Appellant was intoxicated based
on his performance of those tests.  After placing Appellant under arrest,
Officer McKinney conducted a vehicle inventory search and discovered thirteen
empty beer cans, an empty 200 milliliter bottle of grain alcohol, and
twenty-six unopened cans of beer.  Appellant refused to provide a breath
specimen.

Appellant
was charged by information with DWI, and later filed a motion to suppress the
evidence obtained by the officer during the traffic stop.  After a hearing, the
trial court denied the motion.  Thereafter, Appellant pleaded guilty pursuant
to a plea agreement.  The trial court accepted the plea agreement and assessed
punishment at confinement for 180 days, probated for twelve months, and a
$500.00 fine.  Appellant timely appealed. 

 

Motion to Suppress

            In
his sole issue, Appellant asserts that the anonymous tip, in light of the
officer’s failure to independently observe Appellant commit any traffic
violations provided an insufficient basis for the traffic stop.  Therefore,
Appellant’s argument continues, the trial court erred in denying his motion to
suppress the evidence seized during the stop. 

Standard
of Review

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666,
673 (Tex. Crim. App. 2007).  In reviewing the trial court’s decision, we do not
engage in our own factual review.  See Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial judge is the sole trier of
fact and judge of the credibility of the witnesses and the weight to be given
their testimony.  Wiede v. State, 214 S.W.3d 17, 24-25 (Tex. Crim.
App. 2007).  Therefore, we give almost total deference to the trial court’s
rulings on (1) questions of historical fact, even if the trial court’s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application of law to fact questions that turn on an
evaluation of credibility and demeanor.  See Amador, 221 S.W.3d
at 673.  But when application of law to fact questions do not turn on the
credibility and demeanor of the witnesses, we review the trial court’s rulings
on those questions de novo.  See id.

When,
as here, there are no explicit findings of fact, we imply the necessary fact
findings to support the trial court’s ruling if the evidence, viewed in the
light most favorable to the trial court’s ruling, supports those findings.  See
Kelly, 204 S.W.3d at 819.  We then review de novo the trial court’s
legal ruling unless the implied fact findings supported by the record are also
dispositive of the legal ruling.  See id.

Investigative
Detentions

Law
enforcement officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct.
1868, 1880, 20 L. Ed. 2d 889.[1]  In determining whether
the officer acted reasonably in such circumstances, due weight must be given,
not to his inchoate and unparticularized suspicion or hunch, but to the
specific reasonable inferences that he is entitled to draw from the facts in
light of his experience.  Id., 392 U.S. at 27, 88 S. Ct. at 1883.
 Such an investigative detention is permissible when the detaining officer has
specific articulable facts which, taken together with rational inferences from
those facts, create a reasonable suspicion that the person detained is, has
been, or soon will be engaged in criminal activity.  See Brother v. State,
166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

The
existence of reasonable suspicion to support an investigative detention turns
on the totality of the circumstances in each case.  See Alabama v. White,
496 U.S. 325, 328-29, 110 S. Ct. 2412, 2415, 110 L. Ed. 2d 301 (1990).  Under
this analysis, reasonable suspicion is dependent upon both the content of the
information possessed by the officer and its degree of reliability.  Id.,
496 U.S. at 330, 110 S. Ct. at 2416. Both the quantity and the quality of the
information are considered in this analysis.  Id.

Anonymous
Tips

A
tip by an unnamed informant of undisclosed reliability, standing alone, will
rarely establish the requisite level of suspicion necessary to justify an
investigative detention.  Id., 496 U.S. at 329, 110 S. Ct. at
2415.  In most instances, there must be some further indicia of reliability
from which a police officer may reasonably conclude that the tip is reliable
and a detention is justified.  See id., 496 U.S. at 329, 110 S. Ct.
2415-16.  Where the information has a fairly low degree of reliability, more
information will be required to establish the requisite level of suspicion
necessary to justify an investigative detention.  Id., 496 U.S.
at 330, 110 S. Ct. 2416.  Corroboration by the law enforcement officer
necessarily goes to the quality, or reliability, of the information.  State
v. Sailo, 910 S.W.2d 184, 188 (Tex. App.–Fort Worth 1995, pet. ref'd).  Where
the reliability of the information is increased, less corroboration is
necessary.  White, 496 U.S. at 330, 110 S. Ct. at 2416.  A
detailed description of wrongdoing, along with a statement that the event was
observed firsthand, entitles an informant’s tip to greater weight than might
otherwise be the case.  Illinois v. Gates, 462 U.S. 213, 234, 103
S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983).

Corroboration
does not mean that the officer must personally observe the conduct that causes
him to reasonably suspect that a crime is being, has been, or is about to be
committed.  Brother, 166 S.W.3d at 259 n. 5 (citing Adams
v. Williams, 407 U.S. 143, 147, 92 S. Ct. 1921, 1924, 32 L. Ed. 2d 612
(1972)).  Rather, corroboration refers to whether the police officer, in light
of the circumstances, confirms enough facts to reasonably conclude that the
information given to him is reliable and that an investigative detention is
thus justified.  Id. (citing White, 496 U.S. at
330-31).  

Face
to Face Tips

“To
require officers who are apprised of detailed facts from citizen-eyewitnesses
to observe suspects and wait until additional suspicious acts are committed[ ]
would be foolish and contrary to the balance of interests struck in Terry
and its progeny.”  Id. at 259 (citing Terry, 392
U.S. at 29).  Consequently, Texas courts have recognized the higher degree of
reliability of face to face tips, with some courts even stating that face to
face tips are inherently reliable.  State v. Fudge, 42 S.W.3d
226, 232 (Tex. App.–Austin 2001, no pet.) (stating that a person, not connected
with the police, “who gives a police officer unsolicited information in a face
to face manner is inherently reliable”); see also Arizpe v. State,
No. 04-09-00131-CR, 2010 WL 26285, at *3 (Tex. App.–San Antonio Jan. 6, 2010,
no pet. h.) (slip op.); State v. Sailo, 910 S.W.2d 184, 188-89
(Tex. App.–Fort Worth 1995, pet. ref'd) (giving great weight to unsolicited
information provided to officers face to face).  And this court has held that “[i]nformation
from a citizen who confronts an officer in person to advise the officer that a
designated individual in the near vicinity is committing a specific crime
should be given serious attention and great weight by the officer.”  See Thompson
v. State, No. 12-06-00097-CR, 2007 WL 1139966, at *4 (Tex. App.–Tyler
Apr. 18, 2007, no pet.) (mem. op., not designated for publication); see also
United States v. Sierra-Hernandez, 581 F.2d 760, 763 n.1 (9th
Cir. 1978). 

Discussion

Appellant
argues that, without any traffic violation or other reasonable suspicion, the
tip from the passing motorist is an anonymous tip without sufficient
reliability to support his detention. 

The
tip in the instant case resulted from a face to face encounter between a police
officer and a passing motorist.  The passing motorist presented himself to Officer
McKinney while driving a car from which his identity might easily be traced,
thus putting himself in a position to be held accountable for his statements to
the officer.  See Sailo, 910 S.W.2d at 188.  Therefore, he is not
properly classified as an anonymous tipster.  See id. 
Moreover, the motorist was not in the employ of the police, and had witnessed
Appellant’s conduct, told the officer that Appellant appeared to be driving
drunk, and physically pointed to and identified the vehicle when it passed
them.  Thus, the tip in this circumstance is inherently more reliable than an
anonymous tip.  See Arizpe, 2010 WL 26285, at *3.

Appellant
disagrees, however, and primarily relies on two cases in making his argument.
In the first case, an anonymous caller reported that a black male at a
particular bus stop wearing a plaid shirt was carrying a gun.  Florida v.
J.L., 529 U.S. 266, 268, 120 S. Ct. 1375, 1377, 146 L. Ed. 2d 254 (2000). 
About six minutes later, police arrived and saw three black males at the bus
stop, one of which wore a plaid shirt.  Id.  There was no audio
recording of the anonymous phone tip, and apart from the tip, the officers had
no reason to suspect any of the three of illegal conduct.  Id.  Nevertheless,
after frisking all three, the officers discovered that the individual in the
plaid shirt possessed a firearm.  Id.  The Supreme Court held that
the anonymous tip was not sufficiently reliable, and thus concluded that the
trial court properly suppressed the fruits of the search.  Id., 529
U.S. at 274, 120 S. Ct. at 1380.[2] 

In
the second case, a dispatcher received an anonymous call that a drunk driver
named Joseph Harris was driving in a green Altima headed south in the 3400
block of Meadowbridge Road.  Harris v. Commonwealth, 276 Va. 689,
693, 668 S.E.2d 141, 144 (2008), cert. denied, Virginia v. Harris,
130 S. Ct. 10, 175 L. Ed. 2d 322 (2009).  The caller provided a partial license
plate number of “Y8066” and stated that the driver wore a striped shirt.  Id. 
An officer responded to the call and observed a green Altima on
Meadowbridge Road with the license plate “YAR-8046.”  Id.  No
information was obtained concerning the identity of the anonymous caller.  Id. 
The officer stopped the vehicle based solely on the tip without
witnessing any traffic violation.  Id.  The Virginia Supreme
Court concluded that under these facts, the anonymous tip lacked the indicia of
reliability required to support the detention.[3]  Id.,
276 Va. at 697-98, 668 S.E.2d at 146-47. 

In
both J.L. and Harris, the tips were received from
an anonymous caller.  Furthermore, the tips included no indicia of reliability,
and apart from the tip, the officers initiating the stop had no reason to
suspect criminal activity.  In the instant case, the tip resulted from a face
to face encounter.  Although the officer did not know the motorist, he could
have traced the motorist’s identity from the vehicle in which he was driving. 
Moreover, the information from the motorist was specific in that, while in the
officer’s presence, the motorist described the vehicle, identified the vehicle
as it passed them, and described with particularity the conduct that led the
motorist to believe that Appellant was intoxicated.  Therefore, the cases cited
by Appellant are distinguishable from the case at hand.

Appellant
argues further that the officer should have taken down the motorist’s name, phone
number, address, and other identifying information.  However, Officer McKinney
testified that the informant pointed directly to Appellant’s vehicle as the one
driven by the suspected drunk driver.  Due to the need to prevent any harm to
the drivers around Appellant, the officer quickly initiated a traffic stop.  See
Arizpe, 2010 WL 26285, at *4 (analyzing almost identical facts and
concluding tip was sufficient to support reasonable suspicion for investigative
detention).  Under these circumstances, the officer was not required to record
the name or other identifying information of the motorist.  See id. 

In
light of the totality of the circumstances, we conclude that Officer McKinney
possessed the particularized reasonable suspicion necessary to conduct the
traffic stop of Appellant.  See Sierra-Hernandez, 581 F.2d at
763; Arizpe, 2010 WL 26285 at *3-4.  Therefore, the trial court
did not abuse its discretion in denying Appellant’s motion to suppress.  We
overrule Appellant’s sole issue.

 

Disposition

We
affirm the judgment of the trial court.

 

 

                                                Sam Griffith

                                                                                    
Justice

 

 

 

 

Opinion
delivered March 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1] Article I, section 9 of the
Texas Constitution is coextensive with the Fourth Amendment of the United
States Constitution regarding the standard applied to investigative detentions.
 Glover v. State, 870 S.W.2d 198, 199 n. 1 (Tex. App.–Fort Worth
1994, pet. ref'd) (citing Davis v. State, 829 S.W.2d 218 (Tex. Crim.
App. 1992)). 





                [2] Justice Kennedy concurred,
noting that “there are many indicia of reliability respecting anonymous tips
that we have yet to explore in our cases.”  Id., 529 U.S. at 274,
120 S. Ct. at 1380-81 (Kennedy, J., concurring).  He stated further that a tip
might be considered anonymous but sufficiently reliable if it arises out of a
face to face encounter between an unnamed motorist and a police officer where
the motorist describes criminal conduct of the occupants of a third vehicle.  See
id., 529 U.S. at 276, 120 S. Ct. at 1381.

 





                [3] In his dissent from the denial
of certiorari, Chief Justice Roberts, joined by Justice Scalia, stated that (1)
the United States Supreme Court has not answered whether anonymous tips
reporting drunk driving are sufficient in and of themselves to support a Terry
stop in the DWI context, (2) it is unclear whether J.L.
applies in the DWI context, and (3) courts encountering this issue are divided.
 Harris, 130 S. Ct. at 10-11, 175 L.Ed.2d at 322.  However, the
dissent recognized that most courts have decided that a face to face tip can be
sufficient in and of itself to support an investigatory detention in a DWI
case, and that the Commonwealth of Virginia’s stance is a minority view.  Id.
at 11-12.